The PEOPLE of the State of
Colorado, Petitioner

v.

Ivan ZHUK, Respondent.

No. 09SC184.

Supreme Court of Colorado,
En Banc.

Sept. 20, 2010.

Carol Chambers, District Attorney, Eighteenth Judicial District, David C. Jones, Senior Deputy District Attorney, Centennial, Colorado, Attorneys for Petitioner.

Douglas K. Wilson, Public Defender, Rita Montoya, Deputy State Public Defender, Centennial, Colorado, Attorneys for Respondent.

Justice EID delivered the Opinion of the Court.

The People challenge the Arapahoe County District Court's decision to dismiss their interlocutory appeal under Crim. P. 37.1 as untimely. The People argue that the district court erred in holding that the ten-day time period for filing an appeal under Crim. P. 37.1 is ten calendar days. Instead, they claim that the proper calculation of the ten-day time period must exclude intervening Saturdays, Sundays, and legal holidays pursuant to C.A.R. 26(a). We agree, and hold that the time period for filing appeals under Crim. P. 37.1 is subject to the calculation procedure provided in C.A.R. 26(a), which excludes intervening Saturdays, Sundays, and legal holidays. The People's appeal in this case was therefore timely.

### I.

On July 16, 2007, Arapahoe County sheriff's deputies responded to a car accident in the front yard of a house in Centennial, Colorado. The officers stopped defendant Ivan Zhuk walking along the road 100 to 200 yards from the accident site with the keys to the car in his hand. The defendant denied driving the car until the officers informed him that he matched witness descriptions of the driver. At that time, the defendant allegedly admitted that he crashed the car into the yard and left in order to call a friend for help. The defendant was not given a *Miranda* warning during the questioning and later failed a roadside sobriety test. He was arrested on charges of driving under the influence of alcohol, careless driving, and failing to report an accident.

Before trial, the defendant filed a motion to suppress evidence, observations, and statements obtained from his detention, interrogation, and arrest. On December 3, 2008, the trial court granted this motion

based on the failure of officers to give him *Miranda* warnings. On December 17, 2008—fourteen calendar days or ten days not including intervening Saturdays and Sundays after the entry of the order—the People filed a Notice of Interlocutory Appeal and Designation of Record with the district court under Crim. P. 37.1(a).

The defendant moved to dismiss the interlocutory appeal as untimely, arguing that Crim. P. 37.1(b)'s ten-day period requires the filing of a notice of appeal within ten calendar days as provided by Crim. P. 45(a) (2008).[1] The People filed a response claiming that the appeal was timely because Crim. P. 37.1(g) requires that the rule be construed in conjunction with C.A.R. 26(a), which excludes intervening Saturdays, Sundays, and legal holidays in the computation of a prescribed time period of less than eleven days.[2]

The district court agreed with the People that the Colorado Appellate Rules provided guidance on the calculation of the time period, but held that the rule governing the time computation was C.A.R. 4.1(b).[3] The district court looked at both C.A.R. 26(a) and C.A.R. 4.1(b) and asked whether the ten-day period in C.A.R. 4.1(b) was an "otherwise specifically ordered" time period such that the computation rule in C.A.R. 26(a) did not apply. The district court concluded that C.A.R. 4.1(b)'s ten-day rule applied and, consistent with statements made in *People v. Melton*, 910 P.2d 672, 676 n. 4 (Colo.1996), and *People v. Powers*, 47 P.3d 686, 689 (Colo.2002), that the computation of the ten-day filing requirement under C.A.R. 4.1(b) included intervening Saturdays, Sundays, and legal holidays. After finding C.A.R. 4.1(b) to be the applicable rule and concluding that the rule provided ten calendar days for filing interlocutory

appeals, the district court held that the People's interlocutory appeal was untimely and dismissed the case for lack of jurisdiction.

The People sought review of the district court's dismissal order and we granted certiorari.[4] We now hold that the ten-day time frame under Crim. P. 37.1(b) is to be calculated according to C.A.R. 26(a), with intervening Saturdays, Sundays, and legal holidays excluded in the computation. Accordingly, we reverse the district court's dismissal of the People's interlocutory appeal and remand the case for further proceedings.

**II.**

The People argue that, because Crim. P. 37.1(g) directs the court to the Rules of Appellate Procedure when "no procedure is specifically prescribed by this rule," and because the time calculation procedure for filing a notice of appeal is not prescribed within Crim. P. 37.1, the time period for filing a notice of appeal under the rule should be calculated pursuant to C.A.R. 26(a), which does not include intervening Saturdays, Sundays, and legal holidays. The defendant counters that the time period should be calculated according to the Rules of Criminal Procedure and not the Colorado Appellate Rules, suggesting that the Rules of Criminal Procedure "specifically prescribe[ ]" the applicable procedure of computation under Crim. P. 45 and Crim. P. 37.1(g) is inapplicable.

The construction of a statute or rule is a question of law that is reviewed de novo. *People v. Manzo*, 144 P.3d 551, 554 (Colo.2006). "We interpret rules of procedure consistent with principals of statutory

1. Crim. P. 45(a) was amended with changes going into effect July 1, 2009. The version applicable to the People's interlocutory appeal to the district court provided that "[w]hen a period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

2. Specifically, C.A.R. 26(a) states that "[u]nless otherwise specifically ordered, when the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

3. C.A.R. 4.1(b) states that "[n]o interlocutory appeal shall be filed after ten days from the entry of the order complained of. It shall not be a condition for the filing of such interlocutory appeal that a motion for a new trial or rehearing shall have been filed and denied in the trial court."

4. We granted certiorari on the following issue: "Whether the district court erred in dismissing as untimely the prosecution's interlocutory appeal from a county court ruling pursuant to Crim. P. 37.1."

construction." *People v. Shell*, 148 P.3d 162, 178 (Colo.2006). We afford a rule's language its "commonly understood and accepted meaning." *Leaffer v. Zarlengo*, 44 P.3d 1072, 1078 (Colo.2002) (citation and quotation marks omitted).

▮ We agree with both parties that the district court's interpretation of the applicable rule is incorrect. Without much explanation, the district court noted that C.A.R. 4.1(b) was the initial "appropriate provision for reference." The court then went on to consider whether C.A.R. 26(a)'s provision regarding the calculation of time periods of less than eleven days applied or if the ten-day period in C.A.R. 4.1(b) was an "otherwise specifically ordered" time period. *See* C.A.R. 26(a) (providing that the calculation procedure applies "[u]nless otherwise specifically ordered"). After reviewing prior cases from this court concerning appeals under C.A.R. 4.1(b) and determining that those cases treated the time frame as ten calendar days, the district court concluded that the applicable filing period was ten calendar days and the People's appeal was untimely.

There are multiple problems with the district court's approach in this case. First, the plain language of C.A.R. 4.1 clearly indicates that the rule concerns interlocutory appeals by the state "in the supreme court from a ruling of a district court...." C.A.R. 4.1(a). The appeal at issue here was one from a county court to the district court, not one from the district court to the supreme court. On its face, C.A.R. 4.1(b) is simply inapplicable in this case. *See Smith v. Executive Custom Homes, Inc.*, 230 P.3d 1186, 1189 (Colo.2010) (following the plain meaning of the statutory language where such meaning was clear); *cf. People v. Lindsey*, 660 P.2d 502, 504 (Colo.1983) (noting that because the then-applicable C.A.R. 4.1(b) only provided for appeals from adverse rulings on Crim. P. 41 motions, it could not be used to obtain pre-trial review of other issues).

Second, the cases relied on by the district court in concluding that C.A.R. 4.1(b) imposes a ten-calendar-day filing period are no

longer directly on point given that they were decided prior to an important change to C.A.R. 26(a) in 2006. Before 2006, C.A.R. 26(a)'s computation rule applied only where the time period prescribed was less than seven days, making it inapplicable to C.A.R. 4.1(b)'s ten-day time frame at the time that we decided *People v. Melton*, 910 P.2d 672, 676 n. 4 (Colo.1996), and *People v. Powers*, 47 P.3d 686, 689 (Colo.2002). However, in 2006, we amended C.A.R. 26(a) to conform to C.R.C.P. 6(a), extending the rule to situations where "the period of time prescribed or allowed is less than eleven days."[5] Since the amended C.A.R. 26(a) could now apply to C.A.R. 4.1(b)'s time period—something not possible and therefore not considered at the time we decided *Melton* and *Powers*—the district court erred in concluding that our treatment of the time frame as ten calendar days in those cases was controlling.

Finally, the district court's decision is incorrect in its conclusion that C.A.R. 4.1(b) imposes a procedure that is "otherwise specifically ordered," thus bringing Crim. P. 37.1's ten-day time frame outside of the calculation procedure of C.A.R. 26(a). The plain language of C.A.R. 26(a) provides that it is to be used in computation of time when the period provided for is less than eleven days, "unless otherwise specifically ordered." Applying the ordinary and common meaning of these words, the time computation method of C.A.R. 26(a) would not apply in situations where an alternative time computation procedure was specifically provided for in the relevant rule or statute. Because C.A.R. 4.1 does not set forth an alternative method for computing the ten-day time frame, the procedure provided in C.A.R. 26(a) is applicable. *See People v. Keene*, 226 P.3d 1140, 1142 (Colo.App.2009) (applying C.A.R. 26(a)'s prescribed time calculation to determine whether the filing of an appeal under C.A.R. 4.1(b) was timely). Accordingly, the district court's conclusion that C.A.R. 4.1(b) imposes an "otherwise specifically ordered" time period of ten calendar days for filing appeals is incorrect.

**5.** *See* Rule Change 2006(01), Colorado Appellate Rules, (Amended and Adopted by the Court En Banc, Jan. 12, 2006), http://www.courts.state.co. us/userfiles/File/Court_Probation/Supreme_ Court/Rule_Changes/2006/2006_01.pdf.

We also do not find persuasive the defendant's argument that the Colorado Rules of Criminal Procedure—more specifically, Crim. P. 45—must govern the calculation of the applicable time period. This argument is based on the fact that Crim. P. 37.1 concerns interlocutory appeals from the county court where, in contrast, the Colorado Appellate Rules, including C.A.R. 26, apply "to appeals to either the supreme court or to the court of appeals." *See* Ch. 32, subsec. 2, C.R.S (Applicability of Rules). The defendant argues that, as a result, the court must turn to the Rules of Criminal Procedure when evaluating whether there is a "specifically prescribed" procedure for calculating the time period for an appeal under Crim. P. 37.1. The defendant then suggests that such a procedure is provided for by Crim. P. 45, which, at the time of the appeal in this case, only allowed intervening Saturdays, Sundays, and legal holidays to be excluded where the applicable time period was less than seven days.

The defendant's argument, however, fails to consider the rule language that is at issue in this case. The governing rule, Crim. P. 37.1, states in subsection (g) "[i]f no procedure is specifically prescribed by *this* rule, the court shall look to the Rules of Appellate Procedure for guidance." (emphasis added). The use of the word "this" indicates that where a procedure is not specifically provided within Crim. P. 37.1, a district court should employ the Colorado Appellate Rules. This point becomes even more clear when we consider that had the rule used the word "these" instead of "this," it would be referring to all Rules of Criminal Procedure, and Crim. P. 45 would then be applicable as argued by the defendant. Yet, the use of "this" in the rule indicates that we are to consult the Colorado Appellate Rules in this situation because Crim. P. 37.1 does not provide any procedure for calculating the ten-

day time frame prescribed for filing an appeal under that rule.[6]

Thus, applying the plain and ordinary meaning of the language in the rule, we hold that Crim. P. 37.1(g) directs courts to turn to a relevant Colorado Appellate Rule where a procedure is not specifically provided for within Crim. P. 37.1. In this case, Crim. P. 37.1 provides that the People have ten days in which to file an appeal, but does not specify how the court is to calculate that time period. In the absence of a specified procedure—or, in other words, "a specific method or course of action," *Black's Law Dictionary* 979 (7th ed. 2000)—for calculating that time period, Crim. P. 37.1(g) directs us to the Colorado Appellate Rules and, in particular, the applicable rule of C.A.R. 26(a). Under C.A.R. 26(a), we apply a calculation procedure that omits intervening Saturdays, Sundays, and legal holidays and find that the People's appeal in this case was timely.

### III.

We hold that, pursuant to Crim. P. 37.1(g), C.A.R. 26(a) should inform the calculation of the time period for filing an appeal under Crim. P. 37.1. Therefore, the ten-day time period for the People to file an appeal under Crim. P. 37.1 after entry of an order does not include intervening Saturdays, Sundays, and legal holidays. Accordingly, we reverse the district court's finding that the People's appeal under Crim. P. 37.1 was untimely and remand the case for further proceedings consistent with this opinion.

---

**6.** Crim. P. 37.1(g) appears to be a unique provision within the Colorado court rules. No other rule provision specifically directs a court to another set of rules where a procedure is not specifically prescribed by "this" rule. *Compare* Crim. P. 37.1(g) ("If no procedure is specifically prescribed by this rule, the court shall look to the Rules of Appellate Procedure for guidance."), *with* Crim. P. 57(b) ("If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner ... and shall look to the Rules of Civil Procedure and to the applicable law if no Rule of Criminal Procedure exists.") *and* C.R.P.P. 35 ("If no procedure is specifically prescribed by rule or statute, the court may proceed in any lawful manner ... and shall look to the Colorado Rules of Civil Procedure and to the applicable law if no rule of probate procedure exists.").