2012 COA 14

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gene V. DAVIS, Defendant–Appellant.**

**No. 09CA2413.**

Colorado Court of Appeals, Div. VI.

Feb. 2, 2012.

John W. Suthers, Attorney General, Chris W. Alber, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Gene V. Davis, Pro Se.

Opinion by Judge BOORAS.

¶ 1 Defendant, Gene V. Davis, appeals the district court's order denying his Crim. P. 35(c) motion for postconviction relief. We reverse and remand for further proceedings.

## I. Background

¶ 2 In 2000, Davis pled guilty to first degree aggravated motor vehicle theft and was sentenced to six years in prison followed by five years of mandatory parole. On October 23, 2004, Davis was released from prison and placed on parole. Based on allegations that Davis never reported to his parole officer, a warrant was issued in November 2004 for his arrest.

¶ 3 Subsequently, Davis was arrested and charged in Wyoming with receiving stolen property. After he was convicted in Wyoming, he was returned to the custody of Colorado authorities on or around July 30, 2008. On August 12, 2008, a parole complaint was filed with the Parole Revocation Board alleging that Davis violated three conditions of his parole: first, that he failed to report to the West Metro Community Parole Office upon his release from prison; second, that he left the state of Colorado without permission; and third, that he committed the criminal offense of receiving stolen property.

¶ 4 Davis appeared before the Parole Board on August 19 for a telephone hearing. At the hearing, Davis did not dispute that he had been convicted of a criminal offense in Wyoming and requested his parole be revoked, a request the Parole Board subsequently granted. Davis then challenged his parole revocation by filing a pro se Crim. P. 35(c) motion in the district court, alleging numerous procedural and substantive defects and requesting the appointment of postconviction counsel.[1]

---

1. A Crim. P. 35(c) motion may be used to challenge a parole revocation proceeding. *See White*

*v. Denver Dist. Court,* 766 P.2d 632, 635 (Colo. 1988) (appropriate grounds for postconviction

¶ 5 The district court ordered the Attorney General's Office to file a response to Davis's motion on behalf of the parole board, but did not serve a copy of Davis's motion on the Public Defender. When Davis learned that the Attorney General's Office had been ordered to respond, he requested that counsel be appointed and allowed to respond to the Attorney General's pleading. However, after reviewing the Attorney General's brief and attached materials, the district court denied Davis's motion without permitting a response by the Public Defender. This appeal followed.

## II. Standard of Review

¶ 6 The dismissal of a Crim. P. 35(c) motion for postconviction relief is a question of law we review de novo. *People v. Kyler*, 991 P.2d 810, 818 (Colo.1999). The construction of a rule of procedure is also reviewed de novo. *People v. Zhuk*, 239 P.3d 437, 438 (Colo.2010).

## III. Failure to Notify the Public Defender

¶ 7 Initially, we address Davis's claim that the district court erred by referring his motion to the prosecution without also sending a copy to the Public Defender in accordance with the procedures outlined in Crim. P. 35(c)(3)(IV) and (V). We agree.

¶ 8 A trial court has authority, in appropriate circumstances, to summarily deny a postconviction motion without conducting an evidentiary hearing or notifying either the prosecution or the Public Defender, if the motion, files, and record show the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV).

¶ 9 However, Crim. P. 35(c)(3)(V) provides that, if the court does not summarily deny the motion under Crim. P. 35(c)(3)(IV),

> the court shall cause a complete copy of said motion to be served on the prosecuting attorney if one has not yet been served by counsel for the defendant. If the defendant has requested counsel be appointed in the motion, the court shall cause a complete copy of said motion to be served on the Public Defender.

relief pursuant to Crim. P. 35 include an unlaw-

The Public Defender then has forty-five days to respond as to whether it intends to enter an appearance on behalf of the defendant and to "identify whether any conflict exists, request any additional time needed to investigate, and add any claims the Public Defender finds to have arguable merit." Crim. P. 35(c)(3)(V). After the prosecution has filed a response and the defendant has been given an opportunity to file a reply, the court shall grant a hearing on the motion, unless, based on the pleadings, the court determines it can resolve the matter by entering a summary ruling. *Id.*

¶ 10 Here, the court did not deny Davis's motion before inviting the Attorney General's office to respond. The order denying the motion indicates that the court considered a newly prepared affidavit of the Parole Board member who had conducted Davis's parole revocation hearing, which the Attorney General had attached to its response. Having relied on matters outside of the initial motion, files, and record to summarily deny the motion, the court was obligated to send a copy of Davis's motion to the Public Defender for review. *Id.*

¶ 11 Another division of this court determined that, under the plain language of the rule, the sixty-day provision of Crim. P. 35(c)(3)(IV) should be categorized as directory, and that a court's order issued after the deadline was not void for lack of subject matter jurisdiction. *People v. Osorio*, 170 P.3d 796, 798–99 (Colo.App.2007). The *Osorio* division noted that vacating the order and remanding for entry of a new order would be a waste of judicial resources because the district court could, upon remand, simply affirm its prior ruling. However, we do not conclude that the requirement under Crim. P. 35(c)(3)(V) that a copy of the motion be served on the Public Defender should be similarly viewed as merely directory. By using "shall," the plain language of the rule presumptively requires compliance.

¶ 12 Moreover, the requirement of service on the Public Defender is triggered when the court finds that it is necessary to consider matters outside of the motion, files, and rec-

ful revocation of parole).

ord of the case (here, an affidavit that was provided by the government and was not part of the underlying proceedings). Unlike in *Osorio,* a remand would not constitute a waste of judicial resources since it would allow the Public Defender the opportunity to challenge the post-hearing affidavit or to raise additional claims concerning the revocation proceeding.[2]

 ¶ 13 Because Davis requested appointment of an attorney and objected to the court's failure to allow the Public Defender to respond to the Attorney General's pleading, the district court's error must be reviewed under the harmless error standard. The harmless error analysis requires an inquiry into whether the error substantially influenced the verdict or affected the fairness of the proceedings. *People v. Summitt,* 132 P.3d 320, 327 (Colo.2006).

¶ 14 The Attorney General does not argue that the court's failure to send a copy of Davis's motion to the Public Defender was harmless. Because the procedures mandated by Crim. P. 35(c)(3)(V) inure to the defendant's benefit, we must conclude that the court's failure to comply may have prejudiced Davis. His motion was not forwarded to the Public Defender, and thus there was no opportunity for the Public Defender to respond to the court as the rule requires, or to add any claims which may have merit.

¶ 15 Accordingly, because Davis may have been prejudiced by the court's procedural noncompliance, we must reverse the order denying relief and remand with directions for the court to send a copy of Davis's motion to the Public Defender with instructions for the Public Defender to file a timely response pursuant to Crim. P. 35(c)(3)(V). However, in ordering this narrow form of procedural relief, we express no opinion concerning the merits of Davis's claims or the necessity for an evidentiary hearing.

¶ 16 The order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge HAWTHORNE and Judge LICHTENSTEIN concur.

2. Serving a copy of Davis's motion on the Public Defender does not necessarily result in the appointment of the Public Defender as postconviction counsel since, in order to trigger the right to postconviction counsel, the Public Defender's office must find that the Crim. P. 35(c) motion has arguable merit, and Davis must also meet the indigency requirements in section 21–1–103(3), C.R.S.2011. *Silva v. People,* 156 P.3d 1164, 1168 (Colo.2007).