Opinion by JUDGE ROTHENBERG*
¶ 1 Defendant, Jose Sabino Espino-Paez, appeals the district court's denial of his motion for post-conviction relief pursuant to Crim. P. 35(c) and Crim. P. 32(d). We affirm the order denying relief under Crim. P. 35(c), and we dismiss that portion of the appeal challenging the order denying relief under Crim. P. 32(d).
I. Background
¶ 2 In August 1996, defendant pleaded guilty to the use of a schedule II controlled substance and received a deferred judgment for one year on the condition that he successfully complete drug and alcohol treatment. When he successfully completed the treatment, the district court permitted him to withdraw the plea, and the court dismissed the case with prejudice.
¶ 3 Defendant is a Mexican citizen, and in September 2011, he sought permanent residency in the United States. His request was denied because the immigration authorities concluded that, despite his successful completion of the deferred judgment, his withdrawn plea in a Colorado state court constituted the "conviction" of a felony under federal immigration law. See Pinho v. Gonzales, 432 F.3d 193, 198-99, 205-07 (3d Cir.2005) (under federal immigration law, pleas that are withdrawn after a deferment period for rehabilitation are "convictions").
¶ 4 In 2012, defendant filed a postconviction motion seeking to withdraw his 1996 plea pursuant to Crim. P. 35(c) and Crim. P. 32(d). He alleged that his counsel in the criminal case was ineffective by failing to advise him that his guilty plea to a drug-related offense would make him ineligible for permanent residency and subject to deportation. The district court denied his motion without a hearing.
II. Crim. P. 35(c) Motion
¶ 5 Defendant first contends the district court erred in summarily denying his Crim. P. 35(c) motion. We disagree.
¶ 6 We review the summary denial of a Crim. P. 35(c) postconviction motion de novo. People v. Davis, 2012 COA 14, ¶ 6, 272 P.3d 1167.
¶ 7 In *550 Kazadi v. People, 2012 CO 73, ¶¶ 9-10, 18-22, 291 P.3d 16, the Colorado Supreme Court held that a deferred judgment is not reviewable under Crim. P. 35(c) unless it is revoked and a judgment is entered. See People v. Carbajal, 198 P.3d 102, 105 (Colo.2008) ("A deferred judgment ... may not be subject to either Crim. P. 35 review or direct appellate review until revoked."); see also § 18-1.3-102(2), C.R.S.2014; Crumb v. People, 230 P.3d 726, 730 (Colo.2010). The holding of Kazadi is fatal to defendant's appeal from the denial of his Crim. P. 35(c) motion.
III. Crim. P. 32(d) Motion
¶ 8 Defendant next contends that the district court abused its discretion in failing to consider his Crim. P. 32(d) motion to withdraw his guilty plea, and he requests that the case be remanded for that purpose. We conclude the district court lacked jurisdiction to take further action on his Crim. P. 32(d) motion.
¶ 9 Normally we review the denial of a Crim. P. 32(d) motion for an abuse of discretion. People v. Martinez, 188 Colo. 169, 172, 533 P.2d 926, 928 (1975). An abuse of discretion may occur if the district court misconstrues or misapplies the applicable law in reaching its decision. DeLong v. Trujillo, 25 P.3d 1194, 1197 (Colo.2001).
¶ 10 However, initially, we must determine whether the district court had jurisdiction to rule on defendant's motion.
¶ 11 Crim. P. 32(d) allows a defendant to move to withdraw his guilty plea only before sentence is imposed or imposition of the sentence is suspended. Although "a deferred judgment fits within the scope of Crim. P. 32(d)" where a defendant has not yet completed his deferred judgment, see Kazadi, ¶ 20, the rule does not contemplate relief in a case in which a deferred judgment was successfully completed.
¶ 12 Indeed, section 18-1.3-102(2) provides that upon full compliance with the conditions of a deferred judgment and sentence, a defendant's previously entered plea of guilty "shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."
¶ 13 It is undisputed that defendant fully complied with the terms of his deferred judgment, that his guilty plea was withdrawn, and that his case was dismissed with prejudice. Accordingly, the relief he now seeks-withdrawal of his guilty plea pursuant to Crim. P. 32(d) -has already been granted, and the district court therefore lacked jurisdiction to review the matter any further. See Weber v. Colo. State Bd. of Nursing, 830 P.2d 1128, 1133 (Colo.App.1992) ("[F]ollowing the successful completion of a deferred judgment, there no longer exists a plea of guilty to a felony, and there never existed a judgment of conviction."); see also People v. Carbajal, 2012 COA 107, ¶ 53, 312 P.3d 1183 (trial court lost jurisdiction when the defendant's deferred judgment terminated as a matter of law).
¶ 14 Nor does Kazadi require a different result. Although the supreme court in Kazadi precluded the defendant from relief under Crim. P. 35(c), it further held that the defendant may move to withdraw his guilty plea under Crim. P. 32(d), and, as grounds for such a motion, may raise ineffective assistance of counsel. Kazadi, ¶¶ 20-22. The Kazadi court reasoned as follows:
A deferred judgment is not the equivalent of a suspension of sentence because no sentence has been imposed or suspended. Rather, a deferred judgment is a continuance of the defendant's case in lieu of the imposition of sentence, where a sentence may be issued if the defendant fails to abide by prescribed conditions. Therefore, a deferred judgment fits within the scope of Crim. P. 32(d).
Kazadi, ¶ 20.
¶ 15 However, in Kazadi, the defendant's guilty plea had not yet been withdrawn when he filed his motion for relief. Thus, relief under Crim. P. 32(d) was still available. Here, in contrast, defendant's plea in this case was withdrawn fifteen years before he filed his motion for relief. But see State v. Cervantes, 169 Wash.App. 428, 282 P.3d 98, 99-101 (2012) (where an alien defendant was being deported because of a 1987 felony conviction that had been vacated following his rehabilitation, the court held it had jurisdiction to consider his 2010 motion to vacate his conviction on constitutional grounds; after a hearing, court denied relief on the merits, finding that defendant had failed to show ineffective assistance of counsel).
¶ 16 We are not unsympathetic to defendant's circumstances. He fully complied with the terms of his deferred judgment, yet he faces deportation from this country because *551 federal immigration law views pleas that are withdrawn after deferment as tantamount to "convictions." See Pinho, 432 F.3d at 198-99, 205-07. We also recognize that our holding leaves defendant without a state court remedy. However, as a division of the court explained in Patterson v. People, 23 Colo.App. 479, 485, 130 P. 618, 621 (1913) (emphasis added):
[W]hile admitting the maxim that "a court of equity will not permit a wrong without providing a remedy," the doctrine does not apply unless the court of equity has jurisdiction to hear and determine the subject-matter submitted to it .
IV. Request for Certification
¶ 17 We deny defendant's request that we certify this case to the Colorado Supreme Court pursuant to section 13-4-110(1)(a), C.R.S.2014.
V. Conclusion
¶ 18 The order denying defendant's Crim. P. 35(c) motion is affirmed, and the order denying his Crim. P. 32(d) motion is dismissed for lack of jurisdiction.
JUDGE DUNN concurs.
JUDGE TAUBMAN concurs in part and dissents in part.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S.2014.