COLORADO COURT OF APPEALS                                    **2017COA57**

---

Court of Appeals No. 15CA0128
Jefferson County District Court No. 13CR1081
Honorable Christie B. Phillips, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Breck Torrell Higgins,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE FURMAN
Welling and Davidson*, JJ., concur

Announced May 4, 2017

---

Cynthia H. Coffman, Attorney General, Patrick A. Withers, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Jessica A. Scotella, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1    Defendant, Breck Torrell Higgins, filed a Crim. P. 35(c) motion and requested counsel to represent him on his motion.  The district court sent a copy of Higgins's motion to the prosecution and, after receiving the prosecution's response, denied the motion without a hearing and without hearing from the public defender's office.  But, the court was required under Crim. P. 35(c)(3)(V) to allow the public defender's office to respond.  Because the court departed from Crim. P. 35(c)(3)(V)'s procedure, we reverse and remand its order without considering the merits of Higgins's postconviction claims.

## I.  Higgins's Crim. P. 35(c) Motion

¶ 2    Higgins pleaded guilty to felony menacing, and the court sentenced him to serve eighteen months in prison.  During the next two months, he filed three unsuccessful motions for a reduced sentence, one through his lawyer and two pro se.  A few months later, he filed the Crim. P. 35(c) motion, which included several claims of ineffective assistance of counsel.

## II.  Discussion

¶ 3    Higgins contends that the district court erred by departing from the procedure outlined by Crim. P. 35(c)(3)(IV) and (V) and that the court's error requires reversal.  We agree.

## A. Crim. P. 35(c)(3)(IV) and (V)

¶ 4    Crim. P. 35(c)(3)(IV) permits a district court to deny a defendant's Crim. P. 35(c) motion without a hearing if the motion, the files, and the record clearly show that the defendant is not entitled to relief. *See Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 5    If the court does not summarily deny the motion under Crim. P. 35(c)(3)(IV), however, subsection (c)(3)(V) requires the court to take specific actions. The "court shall cause a complete copy of [the] motion to be served on the prosecuting attorney," and if the defendant has requested counsel in the motion, "the court shall cause a complete copy of [the] motion to be served on the Public Defender." Crim. P. 35(c)(3)(V). The public defender's office then has forty-nine days to inform the court whether it intends to represent the defendant, "identify whether any conflict exists, request any additional time needed to investigate, and add any claims the Public Defender finds to have arguable merit." *Id.* The court must then order the prosecution to respond and the defendant to reply. *Id.* Once the parties have filed their pleadings, "the court shall grant a prompt hearing on the motion unless, based

on the pleadings, the court finds that it is appropriate to enter a ruling containing written findings of fact and conclusions of law." *Id.*

### B. Preservation and Standard of Review

¶ 6 The parties dispute whether Higgins preserved his argument that the district court erred by sending his motion to the prosecutor without also sending it to the public defender's office. Higgins contends that he preserved this issue by requesting counsel in his motion; the People respond that he also needed to object once the court sent the motion to the prosecution but not the public defender's office.

¶ 7 We agree with Higgins.

¶ 8 A defendant preserves an issue for appeal if he or she alerts the trial court to the particular issue. *People v. Cordova*, 293 P.3d 114, 120 (Colo. App. 2011).

¶ 9 Under Crim. P. 35(c)(3)(V), if the court does not summarily deny the defendant's motion, "the court shall cause a complete copy" of the motion to be served on the Public Defender if "the defendant has requested counsel be appointed in the motion." By requesting counsel in his motion, then, Higgins sufficiently alerted

3

the court to the issue he pursues on appeal. *See* Crim. P. 35(c)(3)(V).

¶ 10 Even so, the People rely on *People v. Davis*, 2012 COA 14, ¶ 13, in which the division noted that the defendant "requested appointment of an attorney and objected to the court's failure to allow the Public Defender to respond." Although the defendant in *Davis* happened to have requested counsel and also objected to the court's action, we do not read *Davis* to hold that a defendant must take both of those steps to preserve a claim that the district court erred by not sending the defendant's motion to the public defender's office under Crim. P. 35(c)(3)(V). And, given Crim. P. 35(c)(3)(V)'s clear, mandatory language, we hold that a defendant need only request appointed counsel in a Crim. P. 35(c) motion to preserve such a claim.

¶ 11 We review de novo a district court's decision to deny a Crim. P. 35(c) motion without a hearing. *People v. Lopez*, 2015 COA 45, ¶ 68. We also review de novo interpretations of the rules of criminal procedure. *People v. Corson*, 2016 CO 33, ¶ 44.

## C. Analysis

¶ 12     In *Davis*, the defendant filed a Crim. P. 35(c) motion in which he requested counsel. *Davis*, ¶ 4. The district court ordered the prosecution to respond but did not serve a copy of the defendant's motion on the public defender's office. *Id.* at ¶ 5. The prosecution filed a response with an affidavit attached. *Id.* at ¶ 10. After reviewing the response, the district court denied the defendant's motion without permitting the public defender's office to respond. *Id.* at ¶ 5. The *Davis* division reversed, agreeing "that the district court erred by referring [the defendant's] motion to the prosecution without also sending a copy to the Public Defender in accordance with the procedures outlined in Crim. P. 35(c)(3)(IV) and (V)." *Id.* at ¶ 7.

¶ 13     Just as in *Davis*, the district court in this case did not summarily deny the postconviction motion. Instead, it sent a copy of the motion to the prosecution, but not to the public defender's office, and denied the postconviction motion after reviewing the prosecution's response. We conclude that the district court erred by departing from the mandatory procedure outlined by Crim. P. 35(c)(3)(IV) and (V). *See id.*

¶ 14     The People contend, however, that Crim. P. 35(c)(3)(V) did not require the district court to send a copy of Higgins's motion to the public defender's office.  The People again rely on *Davis*, noting that the district court in that case considered not only the prosecution's response but also the attached affidavit.  *Id.* at ¶ 10.  Considering the affidavit, the People contend, triggered the district court's duty in *Davis* to serve a copy of the defendant's motion on the public defender's office.  And, because the district court here did not consider evidence (such as an affidavit) outside of the record, the People maintain that the district court had no duty to serve Higgins's motion on the public defender's office.  The People's position finds support in *Davis*: "the requirement of service on the Public Defender is triggered when the court finds that it is necessary to consider matters outside of the motion, files, and record of the case (here, an affidavit that was provided by the government and was not part of the underlying proceedings)."  *Id.* at ¶ 12.

¶ 15     But, Crim. P. 35(c)(3)(V)'s plain language ultimately forecloses the People's argument.  Under the rule, the event that triggers a

district court's duty to comply with Crim. P. 35(c)(3)(V)'s procedure is its decision not to summarily deny the defendant's motion.

¶ 16     We next consider whether the district court's error was harmless. *See id.* at ¶ 13. An error is not harmless, as relevant here, if it affected the fairness of the district court proceedings. *See Hagos v. People*, 2012 CO 63, ¶ 12.

¶ 17     The People contend that the district court's error was harmless because the merits of Higgins's claims did not entitle him to relief and also because his motion was successive. We do not consider the merits of Higgins's claims to determine whether the court's error was harmless. This is so because harmlessness can never be measured by the face of the motion because the Public Defender can add claims to the defendant's motion. *See* Crim. P. 35(c)(3)(V) ("In such response, the Public Defender shall . . . add any claims the Public Defender finds to have arguable merit."). That is, the district court's decision not to send Higgins's postconviction motion to the public defender's office deprived Higgins of the opportunity to have the public defender's office respond or add any claims with arguable merit. *See Davis*, ¶ 14. "Because the procedures mandated by Crim. P. 35(c)(3)(V) inure to the defendant's benefit,

7

we must conclude that the court's failure to comply may have prejudiced" Higgins. *Id.*

¶ 18     And, we disagree with the People's claim that Higgins's Crim. P. 35(c) motion was successive. A district court must deny any Crim. P. 35(c) claim that was raised and resolved, or that could have been raised, in a prior appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII). The People contend that Higgins raised, or could have raised, his current ineffective assistance claims in his third Crim. P. 35(b) motion. The People correctly point out that Higgins's third Rule 35(b) motion cited his lawyer's alleged ineffective assistance as grounds to reduce his sentence. Indeed, the district court even "determine[d] the motion [was] properly within" Crim. P. 35(c). We do not adopt that determination, however. Although the motion alleged that Higgins received ineffective assistance, the only remedy that it sought was a reduced sentence — which Crim. P. 35(b), not (c), authorizes. So, Higgins's current Crim. P. 35(c) claims are not successive.

¶ 19     We recognize that the parties dispute the merits of Higgins's claims and whether the allegations in his motion warranted a hearing. We therefore emphasize that our discussion reaches only

8

the district court's procedure; we express no opinion about the merits of Higgins's claims, about whether his claims require a hearing, or about whether Higgins will be entitled to postconviction counsel. *See Davis*, ¶ 15; *see also Silva v. People*, 156 P.3d 1164, 1168 (Colo. 2007) (concluding that "the court and the state public defender's office must find that a defendant's Crim. P. 35(c) motion has arguable merit before the statutory right to post-conviction counsel is triggered").

## III. Conclusion

¶ 20    The order denying Higgins's motion is reversed, and the case is remanded with directions for the district court to proceed according to Crim. P. 35(c)(3)(V).

JUDGE WELLING and JUDGE DAVIDSON concur.