23CA0786 Peo v Minton 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0786
Adams County District Court No. 15CR1173
Honorable Priscilla J. Loew, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Spencer Jay Minton,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Johnson and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lauretta A. Martin Neff, Alternate Defense Counsel, Montrose, Colorado, for
Defendant-Appellant

¶ 1    Spencer Jay Minton appeals the district court's order denying his Crim. P. 35(c) motion without a hearing.  We vacate the order and remand the case for further proceedings consistent with this opinion.

## I.    Background

¶ 2    A jury convicted Minton of several felonies stemming from his involvement in a motor vehicle accident.  The trial court sentenced him to an aggregate term of twenty years in the custody of the Department of Corrections.

¶ 3    After a division of this court affirmed Minton's conviction, *see People v. Minton*, (Colo. App. No. 16CA2044, Aug. 15, 2018) (not published pursuant to C.A.R. 35(e)), Minton filed a pro se Crim. P. 35(c) motion.  He did not initially request that counsel be appointed for him.  The court asked the prosecution to respond within thirty days.

¶ 4    When the prosecution failed to respond as the deadline approached, the court extended the deadline to rule on the motion.  *See* Crim P. 35(c)(3)(IV) ("The court shall complete its review" of a Crim P. 35(c) motion "that substantially compl[ies] with Form 4" within "63 days (9 weeks) of filing or set a new date for completing

1

its review and notify the parties of that date."). In the meantime, Minton amended his motion and requested that the court appoint counsel for him. The court granted Minton's request for counsel and appointed the Public Defender's Office. However, the record does not contain an entry of appearance by a public defender, nor does it show that Minton's Crim. P. 35(c) motion was forwarded to the Public Defender's Office.

¶ 5        Two weeks later, the prosecution responded to Minton's motion. On January 12, 2023, the court denied the motion in a written order.

¶ 6        Minton then asked for the appointment of counsel to assist him in appealing the court's order. A different judge granted the request and noted that the Public Defender's Office had been appointed to represent Minton. The judge said it was not clear, however, whether the Public Defender's Office had been notified of the appointment:

> Having reviewed the Motion and the case file, the Court finds Defendant was previously deemed qualified for representation, and the Public Defender's office was appointed on December 16, 2022. But it is not clear whether the Defendant filed his application with the Public Defender or provided the

Public Defender with the December 16 Order. In any event, the Public Defender did not enter an appearance, and the Order Denying Defendant's Crim. P. 35(c) Petition was issued January 12, 2023.

Having considered the decision reached in the December 16 Order and the case file, the Court GRANTS the Motion, and directs the Division F clerk to promptly forward this Order to the Office of the Public Defender.

Within 21 days of this order, the Public Defender's Officer will indicate whether it intends to represent the Defendant or whether a conflict exists. If a conflict exists, the court will appoint Alternative Defense Counsel to represent the Defendant.

¶ 7 In its response to this order, the Public Defender's Office indicated that an irreconcilable conflict prevented it from representing Minton in his appeal. The court then appointed alternate defense counsel, who filed the appeal.

## II. Discussion

¶ 8 Minton contends, the People concede, and we agree that the order denying Crim. P. 35(c) relief must be vacated because the court failed to follow the procedural requirements of Crim. P. 35(c)(3)(V).

¶ 9 Crim. P. 35(c)(3)(IV) permits a district court to deny a defendant's Crim. P. 35(c) motion without a hearing if the motion,

3

the files, and the record clearly show that the defendant is not entitled to relief. *People v. Higgins*, 2017 COA 57, ¶ 4, 413 P.3d 298, 299. Crim. P. 35(c)(3)(V) requires the court to take specific actions if it does not summarily deny the motion but instead requests a response from the prosecution. *Id.* at ¶ 5, 413 P.3d at 299. As pertinent here, when a court grants a pro se defendant's request for postconviction counsel, the court must forward a complete copy of the defendant's Crim. P. 35(c) motion to the prosecution and the Public Defender. *People v. Segura*, 2024 CO 70, ¶ 7, 558 P.3d 234, 237; Crim. P. 35(c)(3)(V). The Public Defender then determines (1) whether it can represent the defendant and, (2) if so, "which claims (if any) lack arguable merit and should be abandoned, which arguably meritorious claims (if any) should be supplemented, and which new claims (if any) have arguable merit and should be added." *Segura*, ¶ 7, 558 P.3d at 237.

¶ 10    As the People concede, the court granted Minton's request for counsel to represent him on his Crim. P. 35(c) motion but did not forward a copy of the motion to the Public Defender, as Crim. P. 35(c)(3)(V) requires. This procedural error requires us to "put the

4

train back on the tracks at the point it derailed." *People v. Nozolino*, 2023 COA 39, ¶ 36, 533 P.3d 966, 970 (quoting *People v. Chalchi-Sevilla,* 2019 COA 75, ¶ 23, 454 P.3d 359, 363). Thus, we vacate the order denying Minton's pro se Crim. P. 35(c) motion and remand the case for the court to forward a complete copy of the motion to the Public Defender's Office. The Public Defender's Office's irreconcilable conflict that precluded it from representing Minton in this appeal may also affect its ability to represent Minton on his Crim. P. 35(c) motion. The court should resolve this question and proceed accordingly. Once it is determined who will represent Minton, Minton's counsel should be provided the opportunity to consider and, if warranted, supplement the claims in his motion.

¶ 11     In his opening brief, Minton also contends that the court erred by denying his pro se Crim. P. 35(c) motion because he alleged facts that, if true, provided a basis for relief. Given our disposition of this appeal, we express no opinion on the merits of any of Minton's pro se claims.

### III.  Disposition

¶ 12    The order is vacated, and the case is remanded for further proceedings consistent with the views expressed herein.

JUDGE JOHNSON and JUDGE MOULTRIE concur.