24CA0923 Peo v Nakai 05-21-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0932
La Plata County District Court No. 07CR294
Honorable Jeffrey R. Wilson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Harold Nakai,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUSTICE MARTINEZ*
C.J. Román, and Taubman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado for Plaintiff-Appellee

Rachel C. Funez, Alternate Defense Counsel, Glenwood Springs, Colorado for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Harold Nakai, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing. We reverse the order and remand the case for further proceedings consistent with this opinion.

## I.     Background

¶ 2     A jury convicted Nakai of sexual assault (physically helpless victim) and criminally negligent homicide. His first appeal led to a reversal on due process grounds and two new trials. *See People v. Nakai,* slip op. at 18 (Colo. App. No. 08CA2443, May 15, 2014) (not published pursuant to C.A.R. 35(f)). The jury in Nakai's second trial rendered a guilty verdict on the criminally negligent homicide count but deadlocked on the sexual assault count. The jury in Nakai's third trial delivered a guilty verdict on the sexual assault count.

¶ 3     The district court sentenced Nakai to prison for forty-eight years to life for the sexual assault conviction and a consecutive three years for the criminally negligent homicide conviction. A division of this court affirmed the judgment of conviction and sentence. *See People v. Nakai,* (Colo. App. No. 17CA0187, Nov. 18, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 4 In August 2023, Nakai filed a pro se Crim. P. 35(c) motion, in which he asserted claims of ineffective assistance of trial and direct appeal counsel. Nakai requested the appointment of counsel. Consistent with his request for counsel in the Crim. P. 35(c) motion, Nakai also filed an "Application for a State Paid Professional" (form application), asking the district court to appoint him counsel for his Crim. P. 35(c) motion. Shortly thereafter, Nakai filed a "Motion for Recusal in Rule 35(c) Proceedings," asking the court to recuse itself from the pending Crim. P. 35(c) proceedings.

¶ 5 In October 2023, the district court issued an order concerning both the pro se Crim. P. 35(c) motion and the motion to recuse. The court noted that the Crim. P. 35(c) motion was timely and otherwise complied with Crim. P. 35(c)(3)(IV). The court acknowledged Nakai's request for counsel as one "which the Court will approve by separate order." The court then directed that "[t]he clerk shall send a complete copy of the motion and the motion for recusal to the special prosecutor and Public Defender's Office." Finally, the court deferred ruling on the motion to recuse "until after the prosecutor and defense counsel…have had a chance to respond" The same day, the court issued a second order granting

Nakai's request for counsel by checking a box labeled "Request Granted" on Nakai's form application and signing and dating that form.

¶ 6 Approximately two weeks later, the prosecution filed a written response objecting to Nakai's motion to recuse. A public defender never entered an appearance or otherwise responded to the court's order appointing counsel.

¶ 7 In March 2024, the district court issued an order denying Nakai's motion to recuse and his pro se Crim. P. 35(c) motion. As pertinent here, the court noted that it had reviewed the Crim. P. 35(c) motion and found that it was timely filed but concluded that the claims asserted therein were barred by Crim. P. 35(c)(3)(VI) or otherwise without merit.

## II. Discussion

¶ 8 Nakai contends that the order denying Crim P. 35(c) relief must be reversed because either (1) the district court failed to follow the procedural requirements of Crim. P. 35(c)(3)(V) or (2) the public defender provided ineffective assistance by failing to respond as required by Crim. P. 35(c)(3)(V). In the alternative, he contends that

3

the court erred by denying postconviction relief without appointing counsel.

¶ 9     Because we conclude that the district court did not comply with the procedures set forth in Crim. P. 35(c)(3)(V), we reverse the order and remand the case for the court to forward a complete copy of Nakai's motion to the public defender, or alternate defense counsel, and to conduct further proceedings in accordance with Crim. P. 35(c)(3)(V).

## A.     Standards of Review and Reversal

¶ 10     We review de novo the denial of a Crim. P. 35(c) motion without a hearing and the interpretation of the rules of criminal procedure.  *See People v. Higgins*, 2017 COA 57, ¶ 11.

¶ 11     If a district court's order does not comply with the provisions of Crim. P. 35(c)(3)(V), we review for harmless error.  *People v. Nozolino*, 2023 COA 39, ¶ 8.  "An error is not harmless, as relevant here, if it affected the fairness of the district court proceedings." *Higgins*, ¶ 16.

## B.     Preservation

¶ 12     We reject the People's assertion that Nakai's claim on appeal was not preserved, and thus subject to plain error review, because

4

he did not challenge the procedure the district court implemented in summarily denying his motion. Nakai requested counsel, and this request was itself sufficient to preserve his challenge to the court's noncompliance with the procedures of Crim. P. 35(c)(3)(V). *See Nozolino*, ¶ 9; *Higgins*, ¶¶ 6-10.

### C.    Analysis

¶ 13    Crim. P. 35(c)(3)(IV) permits a district court to deny a defendant's Crim. P. 35(c) motion without a hearing if the motion, the files, and the record clearly show that the defendant is not entitled to relief. *Higgins*, ¶ 4. If the court does not summarily deny the motion under Crim. P. 35(c)(3)(IV), Crim. P. 35(c)(3)(V) requires the court to serve a complete copy of the motion on the prosecuting attorney and, if the defendant has requested counsel, on the public defender. *Higgins*, ¶ 5. The public defender then determines whether it can represent the defendant and, if so, "which claims (if any) lack arguable merit and should be abandoned, which arguably meritorious claims (if any) should be supplemented, and which new claims (if any) have arguable merit and should be added." *People v. Segura*, 2024 CO 70, ¶ 7.

¶ 14    The parties' dispute centers around whether the district court's October order triggered the provisions of Crim. P. 35(c)(3)(V). Nakia contends that it did.  The People contend that because the court indicated that it would "approve [the appointment of counsel] by separate order," and subsequently failed to do so, the October order was not a final determination of the merits of the claims raised in Nakai's motion.  Instead, the People contend that the court's later March order was the court's "final order."  Thus, the People conclude that because the March order summarily denied Nakai's claims under Crim. P. 35(c)(3)(IV), the court was not required to forward the motion to the public defender.

¶ 15    Our review of the record suggests that the People may have overlooked an order that resolves this dispute.  The same day the district court issued its October order, it issued the second order granting Nakai's request for counsel.  The bottom of Nakai's form application for counsel contains a "Staff Use Only" box where the court approved the appointment of counsel request.  Moreover, the electronic register of actions in the underlying case, of which we take judicial notice, *see People v. Parks*, 2021 COA 61, ¶ 1 n.1, confirms that the court issued an order appointing counsel — titled

"Order: Application for a State Paid Professional" — alongside the October order.  Therefore, the record belies the People's assertion that "no order was subsequently issued regarding the appointment of counsel."

¶ 16     Because the district court ruled in its October order that Nakai's pro se motion complied with Crim. P. 35(c)(3)(IV) and warranted the appointment of counsel, its decision not to summarily deny Nakai's motion triggered its obligation to comply with Crim. P. 35(c)(3)(V)'s procedure — namely, sending a complete copy of the motion to the public defender.  *See Higgins*, ¶ 15.  While the October order indicated that "[t]he clerk shall send a complete copy of the [Crim. P. 35(c)] motion and the motion for recusal to the special prosecutor and Public Defender's Office," it does not appear this occurred.  Certainly, the public defender never responded to the appointment nor did they enter an appearance.  By not sending Nakai's postconviction motion to the public defender, the court effectively deprived Nakai of the opportunity to have the public defender respond or add other claims with arguable merit.  *See id.* at ¶ 17.

¶ 17    The district court's procedural error is not harmless precisely because the public defender can add claims it finds to have arguable merit.  We presume prejudice because the procedures mandated by Crim. P. 35(c)(3)(V) inure to the defendant's benefit.  *People v. Davis,* 2012 COA 14, ¶ 14.  Thus, we must remand to the district court to continue with the case at the point where it stopped following the proper procedure.  *Nozolino,* ¶ 36.  Therefore, we reverse the order denying Nakai's pro se Crim. P. 35(c) motion and remand the case for the court to forward a complete copy of the motion to the public defender.

¶ 18    Last, we note that the public defender's irreconcilable conflict that precluded it from representing Nakai in this appeal may also affect its ability to represent Nakai on his Crim. P. 35(c) motion.  The district court should resolve this question and proceed accordingly.  Once it is determined who will represent Nakai, Nakai's counsel should be provided with the opportunity to consider and, if warranted, supplement the claims in his motion as required by Crim. P. 35(c)(3)(V).

¶ 19    Given our disposition of this appeal, we do not address Nakai's alternative contentions, nor do we express any opinion on the merits of any of his pro se claims.

## III.   Disposition

¶ 20    The order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

CHIEF JUDGE ROMÁN and JUDGE TAUBMAN concur.