**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Gaylon Lamont POWERS, Defendant–Appellee.**

**No. 01SA340.**

Supreme Court of Colorado, En Banc.

June 17, 2002.

Robert S. Grant, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado, Attorneys for Plaintiff–Appellant.

R. Scott Reisch, Denver, Colorado, Paul Grant, Englewood, Colorado, Attorneys for Defendant–Appellee.

Justice MARTINEZ delivered the Opinion of the Court.

The People bring this interlocutory appeal to challenge the trial court's suppression of evidence seized during an alleged search incident to arrest in connection with the arrest of Defendant Gaylon Lamont Powers ("Powers"). After finding that the arresting officer lacked probable cause for the arrest, the trial court suppressed evidence as the product of an illegal search and seizure. The People did not file an interlocutory appeal of the original suppression order within ten days as required by C.A.R. 4.1(b). Instead, the People asked the trial court to reconsider its suppression order. However, they also did not file their motion to reconsider within the ten days provided by C.A.R. 4.1 for the filing of an interlocutory appeal to challenge the suppression of evidence. We hold that a motion to reconsider a trial court order of suppression must be filed within the ten days provided by C.A.R. 4.1(b) in order to toll the time for filing an interlocutory appeal. We conclude that this interlocutory appeal was not timely filed and, thus, we do not have jurisdiction to address the People's challenge to the trial court's suppression of evidence. We therefore dismiss the appeal.

## I. Facts & Procedure

Before trial, Powers filed a motion to suppress statements and evidence on the basis that Officer Hutton lacked a legal basis for detaining Powers. Powers also contended that Officer Hutton lacked probable cause for Powers' arrest and the search and seizure. Powers' arrest arose from Officer Hutton's investigation of a vehicle with a missing front license plate. The officer came across the vehicle while responding to an anonymous noise complaint. When Powers exited the vehicle, Officer Hutton began asking him questions about ownership of the vehicle and conducted a pat-down search of Powers. After the pat-down search revealed three large bundles of money, Officer Hutton placed Powers under arrest and searched the vehicle. The officer found a plastic bag alleged to contain crack cocaine and a license plate registered to a car dealership.

At a suppression hearing, the court held that Officer Hutton had a right to stop Powers and conduct a *Terry* stop, but that the officer lacked probable cause for an arrest. The court accordingly found the search of the car to be illegal. The trial court therefore suppressed the plastic bag and its contents, and the dealer plate. The order suppressing the evidence was dated October 5, 2001.

The People filed a motion to reconsider the suppression order on Tuesday, October 16, 2001. The trial court heard the motion to reconsider on October 19, 2001. After the trial court denied the People's motion to reconsider its suppression order, the People requested a stay of ten days to decide whether to file an interlocutory appeal. Counsel for Powers objected to the stay on the grounds that C.A.R. 4.1 requires an interlocutory appeal to be filed within ten days of the contested order. The People argued that the

law favored motions for reconsideration and explained that they were waiting for the trial court's decision on the motion to reconsider before deciding whether to file a notice of interlocutory appeal.

The trial court acknowledged that C.A.R. 4.1(b) requires the timely filing of an interlocutory appeal. However, the court found that the People had instead filed a motion to reconsider. The court held that the People had a right to file a motion to reconsider "within fifteen days." The trial court further held that the People had ten days after the denial of the motion to reconsider in which to challenge the suppression order. The court concluded the People had ten days from October 19, 2001 to file their interlocutory appeal. The People filed the current interlocutory appeal on October 29, 2001.

## II. Timely Filing of Interlocutory Appeal

■ The People have a right to file an interlocutory appeal from a trial court's suppression of evidence. § 16–12–102, 6 C.R.S. (2001); *see also People in re J.C.*, 844 P.2d 1185, 1187 (Colo.1993). The notice of appeal must be timely filed or the right to take an interlocutory appeal will be lost. *People v. Donahue*, 750 P.2d 921, 922 (Colo.1988). The time for filing a notice of interlocutory appeal is no later than ten (10) days after entry of the contested suppression order. C.A.R. 4.1(b); *see also People v. Hampton*, 696 P.2d 765, 771 (Colo.1985). The time limits set forth in C.A.R. 4.1 may be enlarged by order of the appropriate court, but only before the existing time limit has expired. C.A.R. 4.1(h) (2001).

■ The time limit for filing an interlocutory appeal is separate and distinct from the trial court's ability to reconsider its ruling on a motion to dismiss. A trial court should have an opportunity to reconsider its suppression orders. *See In re J.C.*, 844 P.2d at 1187 (holding that a trial court judge may correct a palpable error). Although C.A.R. 4.1 does not address motions for reconsideration, our case law makes it clear that the prosecution may appeal a trial court's modified ruling within ten days of the date of the modified ruling. C.A.R. 4.1; *People v. Melton*, 910 P.2d 672, 675 n. 4 (Colo.1996); *see*

*also People v. Gall*, 30 P.3d 145, 149 n. 5 (Colo.2001); *In re J.C.*, 844 P.2d at 1187.

The relevant dates in this case were, as we have stated: (i) original order, October 5, 2001; (ii) motion to reconsider filed October 16, 2001; (iii) order on motion, October 19, 2001; and (iv) appeal filed October 29, 2001. The People filed this interlocutory appeal within ten days after the trial court denied their motion to reconsider its suppression order on October 19, 2001. However, the People did not file an interlocutory appeal, or a motion to reconsider, within ten days of the original suppression order issued on October 5, 2001. Instead, the People filed a motion to reconsider the original suppression order on October 16, 2001. Although the ten-day time limit established by C.A.R. 4.1(b) may be enlarged by the court prior to the expiration of the ten-day time limit, C.A.R. 4.1(h), an extension of time was not requested by the People.

The trial court apparently recognized the need for some type of time limit for filing a motion for reconsideration of a suppression order and imposed a fifteen-day deadline on the filing of the motion to reconsider in this case. It is unclear why the trial court thought the appropriate time limit was fifteen days.

There is no rule specifying the time in which a motion for rehearing or reconsideration of an interlocutory order must be filed in a criminal case. We have not previously addressed this issue. However, federal courts addressing the timeliness of an interlocutory appeal following a motion to reconsider a suppression order have required the motion to reconsider to be filed within the same time limit that applies to the filing of a notice of interlocutory appeal. *See, e.g., United States v. Healy*, 376 U.S. 75, 78–79, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964); *United States v. Martinez*, 681 F.2d 1248, 1253 (10th Cir.1982).

In the federal courts, rules governing the timeliness of the government's notice of appeal come from several authorities. *United States v. Rothseiden*, 680 F.2d 96, 97 (11th Cir.1982). First, 18 U.S.C. § 3731 provides that the government has thirty (30) days in

which to appeal a suppression order. 18 U.S.C. § 3731 (2002). Second, Rule 4(b) of the Federal Rules of Appellate Procedure provides that the period of time for filing an interlocutory appeal begins to run from the entry in the criminal docket of judgment or order appealed. Fed. R.App. P. 4(b). Additionally, the United States Supreme Court has held that a timely motion to reconsider tolls the running of the thirty-day period; the thirty days begin again once the trial court rules on the motion for reconsideration. *United States v. Ibarra,* 502 U.S. 1, 4 n. 2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991); *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); *Healy,* 376 U.S. at 78–79, 84 S.Ct. 553. Once the motion to reconsider has been decided, would-be appellants are entitled to the full thirty days in which to file an interlocutory appeal. *Dieter,* 429 U.S. at 8, 97 S.Ct. 18.

An untimely request for rehearing will not toll the running of the appeal period. *Martinez,* 681 F.2d at 1253. A motion for reconsideration does not bring new life to an order unless it is filed within the time period for taking the appeal, running from the date of the entry of the judgment or order appealed from. *Id.* Thus, under federal case law, if the applicable law requires a notice of interlocutory appeal to be filed within thirty days, any motion to reconsider must also be filed within thirty days. We find the reasoning of these cases persuasive.

Without some type of rule governing the time for filing a motion to reconsider a suppression order, any motion to reconsider a suppression order would restart the ten-day time period for an interlocutory appeal established by C.A.R. 4.1(b). As a practical matter, the requirement that interlocutory appeals be filed within ten days would be weakened. The government could indefinitely extend the time for filing a notice of appeal at any time simply by filing a motion to reconsider. *See United States v. Cardall,* 773 F.2d 1128, 1130 (10th Cir.1985). Thus, requiring any motion to reconsider an order subject to the timing requirements of C.A.R. 4.1 to be filed within the same time frame furthers the purposes of that rule.

We hold that a post-hearing motion that tolls the period for taking an interlocutory appeal must be filed within the ten-day time period allowed for filing an interlocutory appeal. Further, an untimely motion for reconsideration cannot revive the right to an interlocutory appeal. Otherwise, filing motions for reconsideration could indefinitely extend the right to an interlocutory appeal and there would be little finality to suppression orders. Thus, in order to toll the ten-day time period established by C.A.R. 4.1(b) for the filing of an interlocutory appeal, the People must file a motion for reconsideration of a suppression order within the ten day time period established for the filing of the interlocutory appeal itself. After the trial court rules on a timely filed motion to reconsider, the People have ten days to commence an interlocutory appeal from the order on the motion to reconsider.

### III. Application

In this case, the trial court issued its suppression order on October 5, 2001. The People did not file an interlocutory appeal of the suppression order until October 29, 2001. Instead, they filed a motion for reconsideration on Tuesday, October 16, 2001. Because Monday, October 15, 2001, was not a Saturday, Sunday, or legal holiday, the motion was filed eleven days after entry of the original suppression order. *See* C.A.R. 26(a) (2001).

C.A.R. 4.1(b) requires the People to file an interlocutory appeal from a suppression order within ten days of entry of the order. C.A.R. 4.1(b). The People did not file an interlocutory appeal from the original suppression order within ten days of the order. They instead chose to file a motion to reconsider on October 16, 2001, eleven days after the original suppression order. A motion to reconsider a suppression order must be filed within the ten-day time frame established for filing an interlocutory appeal in order to toll the time for filing the interlocutory appeal.

Therefore, the People's motion for reconsideration in this case was untimely and did not toll the ten-day time period for the filing of an interlocutory appeal. *See Martinez,* 681 F.2d at 1253. The People did not file their interlocutory appeal within ten days of

the suppression order issued on October 5, 2001. Consequently, this court lacks jurisdiction to consider the People's challenge of the trial court's suppression order.

## IV. Conclusion

We adopt the rule of the federal courts that in order to toll the ten-day period for filing an interlocutory appeal, a motion to reconsider a suppression order must be filed within the same time limit. Because the People failed to file their motion to reconsider to reconsider the trial court's suppression order within the ten-day time period provided by C.A.R. 4.1 for the filing of an interlocutory appeal, the ten-day period for filing an interlocutory appeal of the suppression order was not tolled. Therefore, the time for filing an interlocutory appeal of the trial court's suppression order expired ten days after the original motion to suppress was issued on October 5, 2001. Consequently, the interlocutory appeal filed by the People on October 29, 2001 was untimely. Thus, we do not have jurisdiction to address the People's challenge to the trial court's suppression of evidence. Accordingly, we dismiss the appeal.