Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 22, 2019

**2019 CO 27**

**No. 18SC18, <u>Buell v. People</u>—Joinder—Cross-Admissibility of Evidence.**

This case requires the court to consider whether the trial court abused its discretion in consolidating two separate shoplifting cases filed against the defendant. In the defendant's view, proper consolidation requires the evidence of each incident to be admissible in a separate trial of the other. The court now concludes that the trial court did not abuse its discretion here.

As an initial matter, the court rejects the defendant's contention that consolidation always requires the evidence of the respective incidents to be cross-admissible were there to be separate trials. To the contrary, when the cases are of the "same or similar character," consolidation is proper regardless of whether the evidence would be cross-admissible in separate trials.

Proceeding then to the merits, the court concludes that the cases were of the same or similar character because the facts of the respective cases closely mirrored one another. Moreover, the defendant has not shown that the consolidation was prejudicial because (1) the evidence would, in fact, have been cross-admissible in separate trials and (2) the

facts of the incidents at issue were not disputed.  Rather, the defendant contested only the application of law to those facts.

Accordingly, the supreme court affirms the division's judgment.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2019 CO 27**

**Supreme Court Case No. 18SC18**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2245

**Petitioner:**

Francis Gayle Buell,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
April 22, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Brian Cox, Deputy Public Defender
        *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Assistant Attorney General
        *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1   Francis Gayle Buell was caught shoplifting at a Sears department store in Greeley and again, about two and one-half months later, at a Safeway supermarket in Greeley. The prosecution initially charged Buell in separate cases arising from these incidents but subsequently moved to consolidate the cases under Crim. P. 13. The trial court granted that motion.

¶2   We granted certiorari to consider Buell's contention that the trial court abused its discretion in consolidating the two cases because, in his view, proper consolidation requires the evidence of each incident to be admissible in a separate trial of the other.[1] We now conclude that the trial court did not abuse its discretion here.

¶3   Consolidation under Crim. P. 13 is proper if (1) the cases could initially have been joined under Crim. P. 8(a)(2), and (2) the consolidation is not prejudicial within the meaning of Crim. P. 14. Contrary to Buell's contention, joinder under Crim. P. 8(a)(2) does not always require the evidence of the respective incidents to be cross-admissible were there to be separate trials. To the contrary, when the cases are of the "same or similar character," joinder under Crim. P. 8(a)(2) is proper regardless of whether the evidence would be cross-admissible in separate trials. Here, we have no difficulty in concluding that the cases were of the same or similar character because the facts of these cases closely mirrored one another. Moreover, Buell has not shown that the consolidation was prejudicial because (1) the evidence would, in fact, have been cross-admissible in

---

[1] Specifically, we granted certiorari to review the following issue:

> Whether the trial court abused its discretion when it granted the prosecution's motion to consolidate petitioner's two cases.

separate trials and (2) the facts of the incidents at issue were not disputed. Rather, Buell contested only the application of law to those facts.

¶4    Accordingly, we affirm the division's judgment.

## I. Facts and Procedural History

¶5    In August 2013, a loss prevention agent at a Sears department store in Greeley saw Buell put jewelry in his pockets and then walk out of the store without paying for it. The agent confronted Buell outside, and Buell responded by pulling out a knife and telling the agent, "Dude, back off. I'm not playing with you." The agent backed away with his hands up, and Buell got on his bicycle and rode off.

¶6    Approximately two and one-half months later, a loss prevention agent at a Safeway supermarket in Greeley saw Buell put several steaks in his jacket. The agent then watched Buell pay for a loaf of bread and a gallon of milk while keeping the steaks hidden away. Buell exited the store, and the agent confronted him about the stolen merchandise and then escorted him back into the store so that they could talk in the store's office. As the two men were waiting for the store manager to come unlock the office, the agent told Buell that he needed to handcuff him as a safety precaution. Buell then pulled out a knife and attempted to stab the agent, cutting the agent's wrist in the process. Fearing additional injury, the agent walked Buell to the store's exit and let him leave.

¶7    A week after the Safeway incident, the police located Buell and arrested him. The prosecution initially charged Buell in separate cases arising from the above-described incidents. In the first case, they charged him with aggravated robbery and theft arising

3

from his conduct at the Sears store. In the second, they charged him with attempted aggravated robbery and second-degree assault arising from the events at the Safeway.

¶8    Thereafter, the prosecution moved to consolidate the two cases, arguing that consolidation was proper because (1) Buell "committed both crimes as part of a common scheme or plan in completing a series of small thefts from different Greeley-area stores" and (2) the charges were similar in nature and contained cross-admissible evidence. Over Buell's objection, the trial court granted the prosecution's motion, concluding that the similarity between the incidents was "striking" and that the evidence established a "common pattern, scheme or plan." The court further found that "[a]lthough there [were] different victims, and perhaps the nature of fleeing the scene . . . was somewhat different," consolidating the cases would not result in actual prejudice.

¶9    The consolidated cases proceeded to trial, and at trial, Buell admitted that he was guilty of theft and menacing as to the Sears incident, although he asserted that he was not guilty of aggravated robbery "because when the taking of the jewelry occurred, [he] did not use force, threats, or intimidation." Buell likewise argued, regarding the Safeway incident, that he was not guilty of attempted aggravated robbery because he did not use force, threats, or intimidation when he took the steaks.

¶10    The jury subsequently convicted Buell of aggravated robbery, felony menacing, and theft as to the Sears incident and of attempted aggravated robbery, second-degree assault, and theft as to the Safeway incident, and he appealed. On appeal, he argued, as pertinent here, that (1) the trial court abused its discretion when it consolidated the two cases "because they were not part of a common scheme or plan" and (2) the consolidation

4

prejudiced him because, among other things, the evidence from each case would not have been cross-admissible in separate trials.

¶11    In a unanimous, published decision, the division ultimately rejected Buell's contentions. *People v. Buell*, 2017 COA 148, ¶¶ 6–19, __ P.3d __.  It began by noting that Crim. P. 8(a)(2) provides three disjunctive bases for consolidation, one of which is that the offenses be "of the same or similar character."  *Id.* at ¶ 10.  The division opined that "[r]egardless of whether the two shoplifting incidents [were] part of a common scheme or design, they were 'of the same or similar character . . . .'"  *Id.*  And the division observed that "the plain language of Crim. P. 8(a)(2) does not require a cross-admissibility analysis under CRE 404(b) when consolidation is made under the 'same or similar character' criterion."  *Id.* at ¶ 15.  Accordingly, the division concluded that the trial court did not abuse its discretion in consolidating the cases at issue.  *Id.* at ¶ 19.

¶12    Buell petitioned this court for certiorari review, and we granted his petition.

## II.  Analysis

¶13    We begin by discussing the requirements for a motion to consolidate under Crim. P. 13 and note that this rule requires both that joinder would have been permissible under Crim. P. 8(a)(2) and that the consolidation would not have resulted in prejudice under Crim. P. 14.  Having established the applicable framework, we proceed to address Buell's contentions that the consolidation of the cases at issue was improper because the evidence of each incident would not have been cross-admissible in separate trials and the consolidation was prejudicial, and we reject those arguments.

## A. Standard of Review and Requirements for Consolidation

¶14 We review a trial court's decision to consolidate separate charges under Crim. P. 13 for an abuse of discretion. *Brown v. Dist. Court*, 591 P.2d 99, 101 (Colo. 1979); *People v. George*, 2017 COA 75, ¶ 78, __ P.3d __.

¶15 Crim. P. 13 provides, in pertinent part:

> Subject to the provisions of Rule 14, the court may order two or more indictments, informations, complaints, or summons and complaints to be tried together if the offenses, and the defendants, if there are more than one, could have been joined in a single indictment, information, complaint, or summons and complaint.

¶16 Accordingly, consolidation requires both that joinder would have been proper under Crim. P. 8(a)(2) and that the consolidation would not result in prejudice within the meaning of Crim. P. 14.

¶17 Here, Buell contends that neither of these conditions for consolidation was satisfied. We address his arguments in turn.

## B. "Same or Similar Character" and Cross-Admissibility

¶18 Crim. P. 8(a)(2) allows for the permissive joinder of two or more offenses in the same indictment or information if they are (1) "of the same or similar character"; (2) "based on two or more acts or transactions connected together"; or (3) based on two or more acts or transactions "constituting parts of a common scheme or plan."

¶19 We interpret rules of procedure consistent with principles of statutory construction, giving a rule's language its commonly understood and accepted meaning. *People v. Angel*, 2012 CO 34, ¶ 17, 277 P.3d 231, 235. If the rule is unambiguous, we apply it as written. *Id.*

6

¶20    Here, Buell contends that joinder would not have been permissible under Crim. P. 8(a)(2) because to satisfy that rule, the evidence from each incident had to be cross-admissible (i.e., admissible under CRE 404(b)) in separate trials. He asserts that it was not.

¶21    Buell's argument ignores the plain language of Crim. P. 8(a)(2). As the division below recognized, that rule establishes three disjunctive bases for joinder. Although the second and third bases—"based on two or more acts or transactions connected together or constituting parts of a common scheme or plan"—might implicate CRE 404(b) (because the language arguably parallels portions of CRE 404(b)), nothing in the language "same or similar character" suggests any such requirement, and Buell points to no such language. Accordingly, we agree with the division that joinder based on the "same or similar character" prong of Crim. P. 8(a)(2) does not require a showing that the evidence of each incident would have been cross-admissible in separate trials.[2]

¶22    The question thus becomes whether the incidents at issue were, in fact, "of the same or similar character."

¶23    As an initial matter, we acknowledge that prior to our decision today in *People v. Bondsteel*, 2019 CO 27, __ P.3d __, we have not addressed the meaning of the phrase "same or similar character" as that phrase is used in Crim. P. 8(a)(2). Regardless, in our view, under any plausible definition, the cases at issue were of the same or similar character. Buell stole merchandise from two retail stores in the same city, in incidents occurring

---

[2] To the extent that *People v. Butson*, 2017 COA 50, 410 P.3d 744, and cases like it suggest otherwise, we overrule those cases.

7

within two and one-half months of one another, by hiding the merchandise in his clothing. Moreover, when he was confronted by loss prevention agents after having left the stores without paying for the stolen merchandise, he pulled out a knife to allow him to evade arrest and then flee.

¶24 For these reasons alone, we conclude that the requirements of Crim. P. 8(a)(2) were satisfied in this case.

¶25 Even were we to conclude, however, that cross-admissibility was required under the same or similar character prong of Crim. P. 8(a)(2), we would reach the same result because in our view, the evidence in each case would have been cross-admissible in separate trials.

¶26 Under CRE 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he or she acted in conformity therewith, but it may be admissible to show, for example, motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶27 We have construed the applicable evidence rules to require a four-part analysis to determine whether evidence of prior acts is admissible: (1) the evidence must relate to a material fact; (2) it must be logically relevant (i.e., it must tend to make the existence of a material fact more or less probable than it would be without the evidence); (3) the logical relevance must be independent of the prohibited inference that the defendant has a bad character and acted in conformity therewith; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *People v. Spoto*, 795 P.2d 1314, 1318 (Colo. 1990).

¶28     Here, we believe that the evidence of each incident would satisfy these elements were it to be offered in a separate trial of the other incident. First, the evidence would tend to show, at a minimum, motive, intent, identity, and the absence of mistake or accident, and therefore, it would relate to a material fact. Second, the highly similar facts and circumstances of each of the incidents at issue would tend to make it more probable than not that Buell was the perpetrator of each crime, that he had the requisite motive and intent to commit these crimes, and that his actions were not the result of any mistake or accident. Third, on the facts presented here, we believe that the logical relevance of the evidence of each incident in a trial of the other would be independent of the prohibited inference that Buell acted in conformity with any bad character. Specifically, the evidence would not be offered to show that because Buell committed an aggravated (or attempted aggravated) robbery on another occasion, he likely committed the aggravated (or attempted aggravated) robbery at issue. Rather, because Buell used the same methods to commit each offense and then brandished a knife to evade arrest when he was caught, the evidence would be independently relevant to show, among other things, Buell's motive, intent, identity, and the absence of any mistake or accident. Finally, on the facts of this case, we could not say that the probative value of the evidence of each incident in a trial of the other would be substantially outweighed by the danger of unfair prejudice. All evidence that is adverse to a litigant's interests is, by its nature, prejudicial to that litigant. Here, however, because the incidents at issue were so strikingly similar, the evidence of each strongly tends to establish each of the material

9

facts discussed above, and thus, we cannot say that the admission of such evidence would be unfairly prejudicial.

¶29    For these reasons, we conclude that the two cases could have been joined under Crim. P. 8(a)(2).  Accordingly, the consolidation of these cases was proper unless Buell could show prejudice within the meaning of Crim. P. 14.  We proceed to address that issue.

## C.  Prejudice Under Crim. P. 14

¶30    Crim. P. 14 provides, in pertinent part, "If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses . . . in any indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts . . . or provide whatever other relief justice requires."

¶31    For purposes of this rule, a defendant may demonstrate prejudice by showing, among other things, that "consolidation caused actual prejudice and that the jury was not able to separate the facts and legal principles applicable to each case." *People v. Gross*, 39 P.3d 1279, 1282 (Colo. App. 2001).  In this regard, divisions of the court of appeals have consistently held, and we agree, that prejudice is generally not established when the evidence of each incident would have been admissible in separate trials. *See, e.g., id.*

¶32    Here, for two reasons, we conclude that Buell was not prejudiced by the consolidation at issue.

¶33    First, as explained above, under CRE 404(b), the evidence of each incident would have been admissible in a separate trial of the other incident.

¶34 Second, the facts of these cases were undisputed, making it unlikely that the jury would have been confused or unable to separate the facts and legal principles applicable to each case. Specifically, Buell admitted that he committed each of the thefts at issue. The sole disputed question was whether he could be convicted of aggravated robbery in the Sears case or attempted aggravated robbery in the Safeway case, given that his use of force, threats, or intimidation allegedly occurred after the takings or attempted takings. *But see* § 18-4-302(1), C.R.S. (2018) (providing, among other things, that a person "is guilty of aggravated robbery if during the act of robbery *or immediate flight therefrom*," he or she, by the use of force, threats, or intimidation with a deadly weapon, knowingly puts the person robbed in reasonable fear of death or bodily injury (emphasis added)).

¶35 Accordingly, we are not persuaded that granting the prosecution's pretrial motion for consolidation presented a risk that the jury would convict Buell based solely on an improper inference that he was a career armed criminal, rather than a petty shoplifter who made the mistake of carrying and brandishing a knife. This is particularly true given that the evidence against Buell was largely undisputed and, in our view, overwhelming.

¶36 For these reasons, we perceive no abuse of discretion in the trial court's decision to consolidate Buell's cases under Crim. P. 13.

### III. Conclusion

¶37 Because Buell's cases were of the same or similar character under Crim. P. 8(a)(2) and because Buell was not prejudiced by the consolidation of the cases at issue, we conclude that the trial court properly exercised its discretion in consolidating those cases under Crim. P. 13.

¶38    Accordingly, we affirm the division's judgment.