1
 2026 CO 48 The People of the State of Colorado, Petitioner v. Quinn M. Jebe. Respondent No. 25SC53Supreme Court of Colorado, En BancJune 23, 2026
          
 Certiorari to the Colorado Court of Appeals Court of Appeals
 Case No. 23CA1676
 
 2
 
          
 Attorneys for Petitioner: John Walsh, District Attorney,
 Second Judicial District Robert M. Russel, Chief Deputy
 District Attorney Jeff M. Van der Veer, Senior Deputy
 District Attorney Alison Suthers, Senior Deputy District
 Attorney Denver, Colorado
 
 
          
 Attorneys for Respondent: Teodorovic Law, P.C. Adrienne R.
 Teodorovic Windsor, Colorado
 
 3
 
 
          
 BOATRIGHT JUSTICE
 
 4
 
          ¶1
 While Quinn M. Jebe awaited trial, the People moved to
 dismiss his case without prejudice because the victim was
 unavailable to testify. After the People explained that this
 would not foreseeably change, the district court dismissed
 the case with prejudice. The People immediately
 filed a motion to reconsider, which the district court denied
 thirty-nine days later. The People then filed a notice of
 appeal within a month from the district court's denial of
 the motion to reconsider but more than forty-nine days from
 the initial dismissal. A division of the court of appeals
 concluded that the People's appeal was untimely because
 it had been filed more than forty-nine days after the
 dismissal, and the motion to reconsider did not extend that
 appeal period. People v. Jebe, No. 23CA1676, ¶
 1 (Dec. 5, 2024); see C.A.R. 4(b)(6)(A). We granted
 the People's petition for certiorari.[1]
 
 
          ¶2
 We hold that when the People timely file a motion to
 reconsider in the district court, it tolls the appeal
 timeline.[2] Hence, we conclude here that the
 
 5
 
 People's appeal was timely because they (1) filed a
 motion to reconsider within the forty-nine-day appeal period
 set forth in C.A.R. 4(b)(6)(A), which tolled the appeal
 timeline, and then, factoring in the time period tolled, (2)
 filed a notice of appeal within forty-nine days of the
 district court's order denying the motion to reconsider.
 Accordingly, we reverse the judgment of the court of appeals
 and remand the case for the court of appeals to reinstate the
 People's appeal as timely filed.
 
 
          I.
 Facts and Procedural History
 
 
          ¶3
 The People charged Jebe with three counts of sexual assault
 on a child and distribution of a controlled substance to a
 minor. His speedy trial deadline was August 28, 2023, and
 trial was set for August 1. At a pretrial conference on July
 17, the People indicated to the district court that the
 victim could not testify due to a mental health condition,
 which would not change within the speedy trial deadline. The
 district court continued the pretrial conference to July 24.
 On that date, the parties agreed to appear on July 28 for a
 plea hearing, and the court maintained the August 1 trial
 date.
 
 
          ¶4
 On July 27, the People filed a motion to dismiss without
 prejudice because the victim was unavailable to testify, and
 they reiterated this request at the plea hearing the next
 day. Jebe objected and asked the court to reset trial for
 August 28, the last date of his speedy trial deadline. But
 when the court asked the People if
 
 6
 
 they would be ready for trial then, they responded that they
 would "be in the same position." Based on these
 circumstances, the court dismissed the case but instead,
 with prejudice, on July 28.
 
 
          ¶5
 That same day, the People filed a motion to reconsider the
 court's decision to dismiss the case with prejudice. The
 district court denied that motion on September 5, thirty-nine
 days later. The People then filed a notice of appeal on
 September 28, twenty-three days after the court denied their
 motion to reconsider and sixty-two days after the order
 dismissing the case with prejudice.
 
 
          ¶6
 The court of appeals issued an order to show cause why the
 appeal should not be dismissed as untimely under C.A.R.
 4(b)(6)(A). The order to show cause stated that because the
 district court appeared to have dismissed all the charges on
 July 28, the appeal was due by September 15.[3]
 
 
          ¶7
 The People responded, citing case law to suggest that the
 time period for an appeal did not begin to run until the
 district court ruled on their motion to reconsider. See
 People v. Tuffo, 209 P.3d 1226, 1229 (Colo.App. 2009);
 People v. Melton, 910 P.2d 672, 675 n.4 (Colo.
 1996), superseded by rule on other grounds as stated
 in, People v. Zhuk, 239 P.3d 437, 439 (Colo.
 2010); People v. Blue, 253 P.3d 1273, 1275
 (Colo.App. 2011).
 
 7
 
 In the alternative, the People argued that their reliance on
 that case law constituted excusable neglect, warranting a
 thirty-five-day extension and rendering the appeal timely.
 See C.A.R. 4(b)(3).
 
 
          ¶8
 A division of the court of appeals disagreed and dismissed
 the People's appeal as untimely. Jebe, ¶ 1.
 The division concluded that C.A.R. 4 does not toll the time
 to appeal for postjudgment motions filed by the
 prosecution. Id. at ¶ 9. The division
 also distinguished the People's cited case law, noting
 that those cases involved either interlocutory appeals or
 "unusual procedural circumstances." Id. at
 ¶ 13. Furthermore, the division concluded that the
 People made no showing of excusable neglect because their
 misinterpretation of the cases was avoidable "legal
 error" and because they still had ten days to file their
 notice of appeal when the district court denied the motion to
 reconsider on September 5. Id. at ¶ 19.
 
 
          ¶9
 We granted the People's petition for certiorari.
 
 
          II.
 Analysis
 
 
          ¶10
 We begin by establishing our standard of review. We then look
 to our Colorado Appellate Rules governing prosecutorial
 appeals in criminal cases, specifically, C.A.R. 4(b)(6)(A).
 Next, we review case law regarding tolling when a party files
 a postjudgment motion with the trial court, seeking
 substantive review of an immediately appealable order.
 Finally, we apply this law to the facts presented here.
 
 8
 
          ¶11
 We hold that when the People timely file a motion to
 reconsider in the district court, it tolls the appeal
 timeline. Hence, we conclude here that the People's
 appeal was timely because they (1) filed a motion to
 reconsider within the forty-nine-day appeal period set forth
 in C.A.R. 4(b)(6)(A), which tolled the appeal timeline, and
 then, factoring in the time period tolled, (2) filed a notice
 of appeal within forty-nine days of the district court's
 order denying the motion to reconsider. Accordingly, we
 reverse the judgment of the court of appeals and remand the
 case for the court of appeals to reinstate the People's
 appeal as timely filed.
 
 
          A.
 Standard of Review
 
 
          ¶12
 A party's "[f]ailure to file a timely appeal is a
 jurisdictional defect." People v. Donahue, 750
 P.2d 921, 922 (Colo. 1988). Jurisdiction is a question of law
 that we review de novo. E.g., People v.
 Maser, 2012 CO 41, ¶ 10, 278 P.3d 361, 364.
 
 
          B.
 Prosecutorial Appeals in Criminal Cases
 
 
          ¶13
 A trial court's order dismissing a defendant's
 charges is an immediately appealable final order. §
 16-12-102(1), C.R.S. (2025). The People's appeal of a
 district court's final order in a criminal case must
 comport with the applicable procedures set forth in the
 Colorado Appellate Rules. Id.; Crim. P. 38.
 Specifically, C.A.R. 4(b)(6)(A) requires that the People file
 their notice of appeal "within [forty-nine] days after
 the entry of judgment or order appealed from."
 
 9
 
          ¶14
 The court of appeals has jurisdiction to hear an appeal only
 when it is timely filed.[4] C.A.R. 3(a); People v. Baker,
 104 P.3d 893, 895 (Colo. 2005). And C.A.R. 4(b)(6)(A) is
 silent regarding the effect of motions to reconsider on the
 timing for prosecutorial appeals in criminal cases. Whereas
 C.A.R. 4(b)(2) provides for tolling in criminal cases
 following a defendant's post-trial motion after
 conviction, C.A.R. 4(b)(6)(A) does not address whether
 postjudgment motions to reconsider affect the deadline for
 prosecutorial appeals.
 
 
          C.
 Appeal Timeliness in the Context of Subsequent Motions to the
 Trial Court After a Directly Appealable Order
 
 
          ¶15
 We have previously held that a timely motion to reconsider a
 trial court's suppression order—filed within the
 applicable interlocutory appeal timeline—tolls the time
 for that interlocutory appeal. People v. Powers, 47
 P.3d 686, 687 (Colo. 2002), superseded by rule on other
 grounds as stated in, Zhuk, 239 P.3d at
 439.[5]
 In Powers, we observed that "C.A.R. 4.1 does
 not address motions for
 
 10
 
 reconsideration," and we had not already addressed this
 issue in the interlocutory appeal context. Id. at
 688. We then relied on the Supreme Court's conclusions in
 United States v. Healy, 376 U.S. 75, 78-79
 (1964); United States v. Dieter, 429 U.S. 6, 8-9
 (1976); and United States v. Ibarra, 502 U.S. 1, 4
 n.2 (1991), in addition to the Tenth Circuit's reasoning
 in United States v. Martinez, 681 F.2d 1248, 1253
 (10th Cir. 1982). Powers, 47 P.3d at 689.
 
 
          ¶16
 We observed that in Healy, Dieter, and
 Ibarra, the "Supreme Court has held that a
 timely motion to reconsider tolls the running of the [appeal]
 period," meaning that the appeal period "begin[s]
 again once the trial court rules on the motion for
 reconsideration." Id. (first citing
 Ibarra, 502 U.S. at 4 n.2; then citing
 Dieter, 429 U.S. at 8; and then citing
 Healy, 376 U.S. at 78-79). We further noted that in
 Martinez, the Tenth Circuit explained that
 "[a]n untimely request for rehearing will not toll the
 running of the appeal period." Id. (citing
 Martinez, 681 F.2d at 1253). And we found "the
 reasoning of these cases persuasive." Id. Thus,
 we incorporated this rule into our case law, specifically in
 the context of interlocutory appeals. Id.
 
 
          ¶17
 Divisions of the court of appeals have followed suit. In
 Tuffo, a division cited Powers for its rule
 that "a proper and timely motion for reconsideration
 suspends the order's finality such that the full time for
 appealing begins to run only when reconsideration is
 denied." Tuffo, 209 P.3d at 1229 (citing
 Powers,
 
 11
 
 47 P.3d at 689). There, at sentencing, defense counsel was
 unprepared to address the sexually violent predator
 designation, and the court allowed counsel to file a motion
 for reconsideration, which would be reviewed at a later
 hearing. Id. After several subsequent hearings and
 about seven months after sentencing, the court permitted
 arguments regarding the designation and ultimately denied the
 defendant's oral motion to reconsider. Id. When
 the People later disputed the defendant's subsequent
 appeal as untimely, the division instead held that the
 challenge was timely because the trial court had allowed the
 oral motion for reconsideration made at sentencing to be
 heard at a later date and the prosecution did not object at
 any point. Id. (relying on Powers, 47 P.3d
 at 689).
 
 
          ¶18
 Another division of the court of appeals relied on
 Powers and Tuffo in Blue, where
 the trial court reduced a charge, creating a partial
 dismissal subject to interlocutory appeal. Blue, 253
 P.3d at 1276. The People moved for reconsideration within the
 interlocutory appeal timeline, and after the trial court
 denied their motion, they filed their notice of appeal two
 days later. Id. The division concluded that the
 People's interlocutory appeal was timely. Id. It
 first stated that under Powers, "if Colorado
 criminal rules do not expressly provide for reconsideration,
 then a reconsideration motion is timely as long as it is
 filed within the specified time for taking an appeal."
 Id. (citing Powers, 47 P.3d at 689). The
 division then also pointed to Tuffo, observing that
 a timely motion to reconsider
 
 12
 
 tolls the appeal time "such that the full time for
 appealing begins to run only when reconsideration is
 denied." Id. (quoting Tuffo, 209 P.3d
 at 1229) (applying the rule established in Powers,
 47 P.3d at 689).
 
 
          D.
 Whether Powers Is Applicable
 
 
          ¶19
 Jebe argues that the federal common law rule we adopted in
 Powers is inapposite here because Powers
 dealt with an interlocutory appeal, and unlike C.A.R. 4.1,
 C.A.R. 4 is not wholly silent on the effect of
 postjudgment motions. He notes that in Dieter, the
 Court did not distinguish between civil and criminal cases
 and that in Healy, the Court found that the
 procedural rules did not sufficiently resolve the issue. He
 points out that C.A.R. 4 distinguishes between civil and
 criminal cases and between defendant and prosecutorial
 appellants. Compare C.A.R. 4(a) (governing appeals
 in civil cases), with C.A.R. 4(b) (governing appeals
 in criminal cases); compare C.A.R. 4(b)(2)
 (governing a defendant's post-trial motion),
 with C.A.R. 4(b)(6)(A) (governing prosecutorial
 appeals).
 
 
          ¶20
 In particular, Jebe cites C.A.R. 4(a)(3), which provides that
 any party filing a C.R.C.P. 59 motion tolls the appeal
 timeline in civil cases, and C.A.R. 4(b)(2), which
 provides that certain post-trial motions filed by a
 defendant toll the appeal timeline in
 criminal cases. He argues that these distinctions
 are intentional and restrict what the provisions do not
 expressly allow, meaning courts should not infer tolling
 mechanisms in C.A.R. 4(b)(6)(A). Moreover, he asserts that
 because
 
 13
 
 C.A.R. 4 addresses the tolling effect of certain post-trial
 motions, the rule differs from C.A.R. 4.1's silence,
 rendering Powers distinguishable.
 
 
          ¶21
 As an initial matter, in Healy and Dieter,
 the applicable statute and appellate rule were both silent on
 the effect of post-trial motions. Healy, 376 U.S. at
 77 (first citing 18 U.S.C. § 3731; and then citing Sup.
 Ct. R. 11(2) (1964)); Dieter, 429 U.S. at 7 n.2
 (first citing 18 U.S.C. § 3731; and then citing Fed. R.
 App. P. 4(b)). Similarly, in Powers, we observed
 that no rule prescribed the applicable procedure and that we
 had not already addressed the issue. 47 P.3d at 688.
 Accordingly, we incorporated precedent from the Supreme
 Court. Id. at 688-89. Jebe contends that we are not
 in the same position here because C.A.R. 4 does
 address motions to reconsider and, as he argues, restricts
 their tolling effect to those provisions, which do
 not include postjudgment motions filed by the
 People.
 
 
          ¶22
 Jebe points out that, in civil cases, C.A.R. 4(a)(3)
 incorporates C.R.C.P. 59, which governs motions for
 post-trial relief in civil cases. Specifically, C.A.R.
 4(a)(3) adopts C.R.C.P. 59(a), which limits parties to filing
 for post-trial relief within fourteen days of the entry of a
 judgment, and C.R.C.P. 59(j), which then requires that a
 trial court rule on the motion within sixty-three days.
 C.A.R. 4(a)(3) provides:
 
 
 The running of the time for filing a notice of appeal is
 terminated as to all parties when any party timely files a
 motion in the lower court pursuant to C.R.C.P. 59, and the
 time for an appeal . . . runs for all parties from the timely
 entry of any order disposing of the last such
 
 14
 
 timely filed motion under C.R.C.P. 59 or the expiration of
 the time for ruling on such a motion pursuant to C.R.C.P.
 59(j).
 
 
          ¶23
 Next, C.A.R. 4(b)(2) provides that, in criminal cases,
 "[i]f the defendant files a timely motion in arrest of
 judgment, for judgment of acquittal, or for a new trial on
 any ground other than newly discovered evidence, an appeal
 from a judgment of conviction must be taken within
 [forty-nine] days after entry of an order denying the
 motion."
 
 
          ¶24
 Turning to the subsection for prosecutorial appeals, C.A.R.
 4(b)(6)(A) sets forth the forty-nine-day appeal timeline but
 does not provide any similar language regarding post-trial
 motions. In full, C.A.R. 4(b)(6)(A) states:
 
 
 Unless otherwise provided by statute or these rules, when an
 appeal by the state or the people is authorized by statute,
 the notice of appeal must be filed in the court of appeals
 within [forty-nine] days after the entry of judgment or order
 appealed from. The court of appeals will issue a written
 decision answering the issues in the case and will not
 dismiss the appeal on the ground that a decision will have no
 precedential value. The final decision of the court of
 appeals is subject to petition for certiorari to the supreme
 court.
 
 
          ¶25
 Although it is true that C.A.R. 4 expressly provides for
 tolling in civil cases and upon certain post-trial motions
 raised by a defendant in criminal cases, the rule is silent
 on prosecutorial postjudgment motions. See C.A.R.
 4(b)(6)(A). Despite Jebe's contention that this
 subsection's silence precludes tolling the time to appeal
 when the People seek reconsideration, there is simply no
 guidance relating to this scenario. Thus, C.A.R. 4 provides
 no applicable procedure to follow
 
 15
 
 in these circumstances. See § 16-12-102(1)
 ("The procedure to be followed in filing and prosecuting
 appeals under this section shall be as provided by
 applicable rule of the supreme court of
 Colorado." (emphasis added)). And this is similar to the
 lack of procedure that we encountered in Powers.
 See Powers, 47 P.3d at 688.
 
 
          ¶26
 Jebe nonetheless argues that Powers is
 distinguishable because final dismissals are "final
 order[s] that shall be immediately appealable" under
 section 16-12-102(1), yet Powers involved an
 interlocutory appeal under section 16-12-102(2), which does
 not contain similar language. He asserts that this language
 limits appeals to that final order and does not authorize
 appealing a trial court's order on a motion to
 reconsider.
 
 
          ¶27
 Jebe relies on two cases from divisions of the court of
 appeals that interpreted similar finality language in Crim.
 P. 35(c)(3)(IX) and held that a motion to reconsider a
 court's postconviction order cannot suspend the
 order's finality or toll the time for an appeal. See
 People v. Adams, 905 P.2d 17, 19 (Colo.App. 1995);
 People v. Thomas, 195 P.3d 1162, 1164 (Colo.App.
 2008). However, the postconviction context is distinguishable
 because Crim. P. 35(c)(3)(VI) bars postconviction relief
 based on previously denied claims. Jebe contends that the
 same logic applies here. But C.A.R. 4 contains no comparable
 language.
 
 
          ¶28
 Further, in addition to final dismissals, section
 16-12-102(1) also applies to partial dismissals.
 § 16-12-102(1) ("Any order of a court that either
 dismisses one
 
 16
 
 or more counts . . . shall constitute a final order that
 shall be immediately appealable ...."). And partial
 dismissals are subject to interlocutory appeal, just like the
 appeal of a suppression order at issue in Powers.
 See C.A.R. 4(b)(6)(B). Moreover, both interlocutory
 appeals and appeals of final dismissals seek substantive
 review of a trial court's ruling.
 
 
          ¶29
 Finally, we note that in Powers, we applied Supreme
 Court case law involving dismissals to interlocutory
 appeals. See Healy, 376 U.S. at 76-77
 (pertaining to a dismissed indictment); Dieter, 429
 U.S. at 7 (same). Thus, the distinctions between the two are
 immaterial for our present purpose. Accordingly, the rule in
 Powers applies here.
 
 
          E.
 Application
 
 
          ¶30
 The rule of Powers—that a timely motion to
 reconsider a suppression order tolls the period for filing an
 interlocutory appeal, provided the motion is filed within the
 period to file the appeal itself—also applies to
 prosecutorial appeals under C.A.R. 4(b)(6)(A). In effect, the
 People must file their motion to reconsider within forty-nine
 days after entry of a final dismissal.
 
 
          ¶31
 Here, the People filed their motion to reconsider on July 28,
 the same day the district court dismissed the case with
 prejudice. They filed the motion within the forty-nine-day
 appeal period, and thus, it was timely. C.A.R. 4(b)(6)(A).
 
 17
 
 Because the motion to reconsider was timely, the district
 court retained jurisdiction to review its dismissal with
 prejudice.
 
 
          ¶32
 Our holding recognizes that if a timely motion to reconsider
 only protected jurisdiction and did not toll the appeal
 period, then upon a notice of appeal while a motion to
 reconsider is still pending, the district court and court of
 appeals would both be presented with the same legal question.
 So, we note that if the People were to file a motion to
 reconsider with the district court and also file a notice of
 appeal before the district court ruled on the motion, then
 the district court would be divested of jurisdiction. Even
 though the district court would lose jurisdiction in this
 scenario, it would not promote judicial economy. On the other
 hand, if the trial court recognizes that it erred and could
 correct that error before the People commence an appeal, then
 this would improve efficiency.
 
 
          ¶33
 Thus, we conclude that the People's July 28 motion to
 reconsider was timely under C.A.R. 4(b)(6)(A) because it was
 filed the same day the district court dismissed the case,
 which was within the forty-nine-day appeal period. Because it
 was timely, it necessarily tolled the appeal period. And the
 appeal timeline restarted when the district court denied the
 motion in a written order on September 5, giving the People
 forty-nine-days from that date to file an appeal. The
 People's September 28 notice of appeal was thus timely
 because it fell within the forty-nine-day appeal period
 relating back to the September 5 order.
 
 18
 
          III.
 Conclusion
 
 
          ¶34
 We hold that when the People timely file a motion to
 reconsider in the district court, it tolls the appeal
 timeline. Hence, we conclude here that the People's
 appeal was timely because they (1) filed a motion to
 reconsider within the forty-nine-day appeal period set forth
 in C.A.R. 4(b)(6)(A), which tolled the appeal timeline, and
 then, factoring in the time period tolled, (2) filed a notice
 of appeal within forty-nine days of the district court's
 order denying the motion to reconsider. Accordingly, we
 reverse the judgment of the court of appeals and remand the
 case for the court of appeals to reinstate the People's
 appeal as timely filed.
 
 19
 
          
 JUSTICE GABRIEL, joined by JUSTICE HOOD, concurring in the
 judgment.
 
 
          ¶35
 The majority concludes that when the People timely file a
 motion to reconsider in the district court, it tolls the
 appeal timeline and, thus, the People's appeal was timely
 in this case. Maj. op. ¶¶ 2, 34. Under settled
 principles of rule construction, however, I cannot agree that
 a motion for reconsideration by the People tolls their
 timeline for appeal. As a result, I would conclude that the
 People's appeal was untimely in this case. But I would
 further conclude that given the state of case law from our
 court and divisions of our court of appeals, the People's
 untimely filing was the result of excusable neglect. For that
 reason, like the majority, I would conclude that the
 People's appeal was properly before the court of appeals
 division below and that the division reversibly erred in
 dismissing that appeal.
 
 
          ¶36
 I therefore respectfully concur in the judgment only.
 
 
          I.
 Analysis
 
 
          ¶37
 The majority correctly sets forth the applicable facts, and I
 need not repeat those facts here. Accordingly, I begin by
 noting our standard of review and pertinent principles of
 rule construction. I then apply those principles and conclude
 that, under the applicable appellate rules, a timely motion
 for reconsideration does not toll the People's time to
 file an appeal in a criminal case and, therefore, the
 People's appeal was untimely here. I end by addressing
 
 20
 
 whether the People's untimely filing was the result of
 excusable neglect and conclude that it was.
 
 
          A.
 Standard of Review and Principles of Rule
 Construction
 
 
          ¶38
 We review interpretations of our procedural rules de novo.
 People v. Corson, 2016 CO 33, ¶ 44, 379 P.3d
 288, 297. In construing our procedural rules, we employ the
 same interpretive rules applicable to statutory construction.
 Buell v. People, 2019 CO 27, ¶ 19, 439 P.3d
 857, 861. Accordingly, we seek to discern and effectuate the
 rule framers' intent. See People in Int. of
 B.C.B., 2025 CO 28, ¶ 24, 569 P.3d 74, 79. In doing
 this, we apply words and phrases in accordance with their
 plain and ordinary meanings, and we consider the entire
 scheme of the rules in order to give consistent, harmonious,
 and sensible effect to all of its parts. See id.
 Moreover, we must avoid interpretations that would render any
 words or phrases of a rule superfluous or that would lead to
 illogical or absurd results. See id. And because we
 presume that rule framers, like our legislature, act
 intentionally when selecting the words used in a rule, we may
 not add words to a rule or subtract words from it. See
 id. at ¶ 25, 569 P.3d at 79; Nesjan v. J &
 A Distrib., Inc., 2025 COA 81, ¶ 9, 580 P.3d 596,
 598-99.
 
 21
 
          B.
 Timeliness of the People's Appeal
 
 
          ¶39
 Applying the foregoing principles, for several reasons, I do
 not believe that the applicable appellate rules tolled the
 time for appeal upon the People's timely filing of their
 motion for reconsideration.
 
 
          ¶40
 First, C.A.R. 4(b), which addresses appeals in criminal
 cases, does not provide for tolling in the circumstances now
 before us. That rule states, in pertinent part:
 
 
 (1) Time for Filing a Notice of Appeal. Except as provided in
 C.A.R. 4(c) and (d), the defendant's notice of appeal
 must be filed in the appellate court and an advisory copy
 served on the lower court within 49 days after entry of the
 judgment or order appealed from.
 
 
 (2) Effect of a Post-Trial Motion on the Deadline for Filing
 a Notice of Appeal. If the defendant files a timely
 motion in arrest of judgment, for judgment of acquittal, or
 for a new trial on any ground other than newly discovered
 evidence, an appeal from a judgment of conviction must be
 taken within 49 days after entry of an order denying the
 motion. A motion for a new trial based on newly discovered
 evidence will similarly extend the time for appeal from a
 judgment of conviction if the motion is made within 14 days
 after entry of the judgment.
 
 
 (3) Extension of Time to File a Notice of Appeal. Upon a
 showing of excusable neglect the appellate court may, before
 or after the time has expired, with or without motion and
 notice, extend the time for filing a notice of appeal for a
 period not to exceed 35 days from the expiration of the time
 otherwise prescribed by this section (b). ....
 
 
 (6) Prosecutorial Appeals.
 
 
 (A) In General. Unless otherwise provided by statute or these
 rules, when an appeal by the state or the people is
 authorized by statute, the
 
 22
 
 notice of appeal must be filed in the court of appeals within
 49 days after the entry of judgment or order appealed from.
 The court of appeals will issue a written decision answering
 the issues in the case and will not dismiss the appeal on the
 ground that a decision will have no precedential value. The
 final decision of the court of appeals is subject to petition
 for certiorari to the supreme court.
 
 
          (Emphases
 added.)
 
 
          ¶41
 Nothing in C.A.R. 4(b)(6), which governs criminal appeals by
 the People, provides for either a motion for reconsideration
 or tolling of the time to appeal upon the filing of such a
 motion. Accordingly, the text of the rule does not support
 the majority's conclusion that a timely motion for
 reconsideration by the People tolls their time to appeal.
 
 
          ¶42
 Second, the framers of C.A.R. 4 knew how to provide for
 motions for reconsideration and tolling when these were
 intended. For example, C.A.R. 4(a)(3) expressly addresses
 C.R.C.P. 59 motions in civil cases and tolls the time to file
 a notice of appeal during the pendency of such a motion.
 Likewise, C.A.R. 4(b)(2) expressly addresses post-trial
 motions filed by criminal defendants and tolls the time to
 appeal when such motions are pending. C.A.R. 4(b)(6), which
 concerns prosecutorial appeals in criminal cases, in
 contrast, is silent regarding post-trial motions and any
 tolling of the prosecution's time to appeal. As noted
 above, we must presume that the framers acted intentionally
 in selecting the words of C.A.R. 4, and we may not add words
 to the rule as the majority does. See B.C.B., ¶
 25, 569 P.3d at 79; Nesjan, ¶ 9, 580 P.3d at
 598-99. Moreover, inferring a tolling
 
 23
 
 provision from C.A.R. 4(b)(6)'s silence fails to read all
 of C.A.R. 4's parts consistently, as we are required to
 do. See B.C.B., ¶ 24, 569 P.3d at 79.
 
 
          ¶43
 Finally, the majority's interpretation renders the
 tolling provisions of C.A.R. 4(a)(3) and C.A.R. 4(b)(2)
 superfluous, which we may not do. See B.C.B., ¶
 24, 569 P.3d at 79. If a rule that is silent regarding
 motions for reconsideration and tolling always allows for
 reconsideration and tolling, as the majority suggests, then
 there would have been no reason to include express tolling
 provisions in C.A.R. 4(a)(3) and C.A.R. 4(b)(2).
 
 
          ¶44
 For these reasons, I would conclude that a timely motion for
 reconsideration by the People does not toll the People's
 time for filing an appeal in a criminal case. If C.A.R.
 4(b)(6) is to include such a provision, then the proper
 procedure is to request that our Rules of Appellate Procedure
 Committee amend that rule. I do not believe that we should
 effectively amend our procedural rules by way of case law,
 thereby bypassing our usual processes (including standing
 committee vetting and, often, public comment and hearing) for
 the adoption or amendment of such rules.
 
 
          ¶45
 Accordingly, because the People's notice of appeal was
 filed sixty-two days after the district court entered the
 pertinent order dismissing the underlying case with
 prejudice, that appeal was untimely.
 
 24
 
          ¶46
 This, however, does not end my analysis. Under C.A.R.
 4(b)(3), upon a showing of excusable neglect in a criminal
 case, an appellate court may, before or after the time to
 file a notice of appeal has expired, extend the time for
 filing such a notice for a period not to exceed thirty-five
 days from the expiration of the time otherwise prescribed in
 C.A.R. 4(b). "A party's conduct constitutes
 excusable neglect when the surrounding circumstances would
 cause a reasonably careful person similarly to neglect a
 duty." In re Weisbard, 25 P.3d 24, 26 (Colo.
 2001) (quoting Tyler v. Adams Cnty. Dep't of Soc.
 Servs., 697 P.2d 29, 32 (Colo. 1985)).
 
 
          ¶47
 Here, as the majority points out, a number of opinions from
 our court and from divisions of our court of appeals have
 suggested, albeit perhaps in different contexts, that a
 timely motion for reconsideration tolls the time for filing
 an appeal. Maj. op. ¶¶ 15-18 (citing, among other
 cases, People v. Powers, 47 P.3d 686, 689 (Colo.
 2002), superseded by rule on other grounds as stated in,
 People v. Zhuk, 239 P.3d 437, 439 (Colo. 2010);
 People v. Blue, 253 P.3d 1273, 1276 (Colo.App.
 2011); and People v. Tuffo, 209 P.3d 1226, 1229
 (Colo.App. 2009)).
 
 
          ¶48
 Here, even if an argument could be made that the foregoing
 cases were incorrect, inapposite, or distinguishable, I
 believe that a reasonably careful attorney could well have
 read them, as the People here did, to support the view that a
 timely motion for reconsideration tolls the time for filing
 an appeal, even if the applicable appellate rule is silent on
 the subject.
 
 25
 
          ¶49
 Accordingly, I would conclude that the People's untimely
 filing here was the result of excusable neglect and,
 therefore, their appeal was properly before the division
 below.
 
 
          II.
 Conclusion
 
 
          ¶50
 For these reasons, although I cannot agree that a timely
 motion for reconsideration filed by the People tolls their
 time to appeal and that, therefore, the People's appeal
 was timely in this case, I would conclude that the
 People's untimely appeal was the result of excusable
 neglect. Accordingly, like the majority, I believe that the
 appeal was properly before the division below and that the
 division reversibly erred in dismissing that appeal.
 
 
          ¶51
 I therefore respectfully concur in the majority's
 judgment in this case.
 
 
 ---------
 
 
 Notes:
 
 
 [1] We granted certiorari to review the
 following issue:
 
 
 Whether the court of appeals erred in dismissing the
 petitioner's appeal as untimely, when that appeal was
 filed within [forty-nine] days of the order denying a motion
 for reconsideration.
 
 
 [2] The division and the parties agree
 that C.A.R. 4(b)(2) already provides for tolling of a
 defendant's time to appeal a judgment of
 conviction upon the defendant's timely filing of certain
 post-trial motions in the trial court. See Jebe,
 ¶ 11. Thus, our holding today focuses on the tolling
 effect of the People's timely filed motion to
 reconsider.
 
 
 [3] Here, we note that, in considering the
 tolling effect of the People's motion to reconsider, the
 forty-nine-day appeal period would instead begin to run
 September 5, when the district court ruled on the motion,
 making the People's appeal due October 24.
 
 
 [4] However, "[u]pon a showing of
 excusable neglect," the appellate court may extend the
 time for filing a notice of appeal up to thirty-five days.
 C.A.R. 4(b)(3). "Excusable neglect involves a situation
 where the failure to act results from circumstances which
 would cause a reasonably careful person to neglect a
 duty." Farmers Ins. Grp. v. Dist. Ct., 507 P.2d
 865, 867 (Colo. 1973). Because our holding today establishes
 that the People's appeal was timely, we do not address
 the issue of excusable neglect.
 
 
 [5] However, because the People in
 Powers filed their motion to reconsider after the
 interlocutory appeal timeline, we ultimately held that their
 appeal was untimely. 47 P.3d at 689-90.
 
 
 ---------